516 A.2d 390

**COMMONWEALTH of Pennsylvania**

**v.**

**Richard Allen BAUGHMAN, Appellant.**

Superior Court of Pennsylvania.

Argüed June 25, 1986.

Filed Oct. 9, 1986.

536

Anthony S. Guido, DuBois, for appellant.

Joseph A. Curcillo, III, Assistant District Attorney, Clearfield, for Com., appellee.

Before ROWLEY, McEWEN and TAMILIA, JJ.

PER CURIAM:

This is an appeal from a judgment of sentence entered by the Court of Common Pleas of Clearfield County. Following a bench trial, appellant Richard Allen Baughman was convicted of operating a motor vehicle while under the

influence of alcohol, 75 Pa.C.S. § 3731. Post-trial motions were denied, and appellant was sentenced to thirty days to one year imprisonment, a fine of $500.00, and directed to attend a driving course. We affirm.

Appellant does not deny that he was under the influence of alcohol or that he was operating a motor vehicle. The sole question presented for our review, an issue of first impression, is whether the dirt track, through a field which was open to the public and occasionally used for vehicular traffic, on which appellant was operating the motor vehicle under the influence of alcohol, was "a trafficway" as defined by 75 Pa.C.S. § 102.

Appellant was discovered in his vehicle, by a deputy sheriff, attempting to move his car. The car was straddling a railroad track which ran parallel to the "trafficway" in question. At trial, the trafficway was described as a one-lane, dirt road which was on private property and dead-ended. Tire tracks appeared on the dirt from cars occasionally travelling on the surfaceway.

Section 102 of the Vehicle Code, 75 Pa.C.S. § 102, defines trafficway as follows:

> **"Trafficway."** The entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom.

Appellant contends that the phrase "between property lines or other boundary lines" defines "trafficway" so that the term "clearly contemplates a private roadway used by several different residences to gain access. In other words, a private roadway located between the boundary lines of several properties which are used in common by the various properties for access."

The restrictive definition appellant urges upon us is inconsistent with the Statutory Construction Act of 1972. Our Court "must construe the words of a statute according to their plain meaning." *Commonwealth v. Stanley*, 498 Pa. 326, 335, 446 A.2d 583, 587 (1982); *see also* 1 Pa.C.S. § 1903. Webster's Third New International Dictionary

(1981) at 260 defines "boundary" as "something that indicates or fixes a limit or extent." Thus, the phrase "between property lines or other boundary lines" is intended to aid in establishing a method for delineating the width of the trafficway. Nowhere in the definition of trafficway do we find restrictive wording that limits the definition to private access roadways used by several properties. In fact, Section 102 provides a separate definition for private roads or driveways.

The testimony adduced at trial also established that there were no signs or barriers prohibiting access to the road and that people occasionally drove their cars on the road. Teenagers, especially, were known to drive on the road and park. Thus the road was "open to the public," it was customarily used by at least certain members of the public, and it was used for vehicular traffic. All the elements of a "trafficway" having been satisfied, we hold that the dirt track on which appellant was driving the vehicle while under the influence of alcohol was a "trafficway" within the meaning of 75 Pa.C.S. § 102. Therefore, the judgment of sentence for driving while under the influence of alcohol under 75 Pa.C.S. § 3731 must be affirmed.

Judgment of sentence affirmed.