## Commonwealth v. McFadden

*Henry S. Moore,* for the commonwealth.
*Jack W. Cline,* for defendant.

ACKER, *P.J.,* September 14, 1987 — This matter came upon a motion in arrest of judgment by defendant through counsel. The motion was filed after defendant was found guilty of driving under the influence of intoxicating beverages[1] by jury on May

---

1. 75 Pa.C.S. §3731(a)(1).

12, 1987.

Defendant was arrested on December 30, 1986, by Officer Richard Kennedy of the Hermitage Police Department. Hermitage police had received a call from Edward P. Thomas, a resident in the same trailer park as defendant, after Mr. Thomas heard a collision in front of his home. Mr. Thomas observed defendant, apparently intoxicated, operating a vehicle in the trailer park. After Officer Kennedy arrived, he found defendant in his vehicle and noticed defendant was visibly intoxicated. Subsequently, defendant submitted to a blood-alcohol test, which showed defendant had a 0.28 percent blood-alcohol content.

Briefs were submitted and arguments heard. Defendant contends only that he cannot be convicted of violating 75 Pa.C.S. §3731 since he was operating his vehicle on private property. Defendant avers that one may only be convicted under this provision if one operates a vehicle on a "highway" or "trafficway." Since defendant was observed and apprehended on private property, defendant contends he was not operating a vehicle on a "highway" or "trafficway." After considering the points argued by defendant and the commonwealth, we decline to accept defendant's contention.

The Motor Vehicle Code deals with the operation of automobiles on the highways of the commonwealth. 75 Pa.C.S. §3101(a). Serious traffic offenses, such as driving under the influence of intoxicating beverages, apply to highways and trafficways throughout the commonwealth. 75 Pa.C.S. §3101(b). A highway is defined as "the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." 75 Pa.C.S. §102. But, in addition, "[t]he

term includes a roadway open to the use of the public for vehicular travel on the grounds of a college or university or public or private school or public or historical park." Id. A trafficway is "the entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom." Id.

The issue at hand has apparently not been addressed in depth by the appellate courts. However, lower courts have dealt with this problem. The issue is whether the privately owned trailer park drive was a trafficway or a public highway. A private road has been held to be a trafficway under section 102 and a person may be convicted for driving under the influence of alcohol on a privately owned road. *Commonwealth v. Williams*, 36 D.&C.3d 106, 108 (1985). The Vehicle Code does not mandate that one operate a vehicle on a public highway before he may be convicted for driving under the influence of alcohol. *Commonwealth v. Price*, 64 D.&C.2d 694, 699 (1972). The purpose of the statute, in relation to societal views today, is the protection of the citizens of the commonwealth from injury by an intoxicated driver. The operation of a vehicle by an operator under the influence of alcohol in any area open to the use of the general public brings the operator within the restriction of the statute. *Commonwealth v. Smith*, 15 D.&C.3d 369, 370 (1980). Other common pleas courts in factual situations similar and those more remote to the case at bar have held the facts to be within the purview of driving under the influence statute. Drunken-driving convictions have been sustained where the person operated his vehicle on a privately owned parking lot of a restaurant, *Commonwealth v. Bresnock,* 19 D.&C.3d 327, 327 (1981); on a private parking lot belonging to an-

other, *Commonwealth v. Price,* supra at 695; in a field off the highway in a public park, *Commonwealth v. Crum,* 71 D.&C.2d 687, 688 (1975); in a junior high school parking lot, *Commonwealth v. Smith,* supra at 370, and on a privately owned road in a commonwealth township, *Commonwealth v. Williams,* supra at 108. From the facts and analysis of these various cases, defendant need not be operating a vehicle on a public highway to be convicted of driving under the influence of alcohol. *Commonwealth v. Barger,* 52 D.&C.2d 744, 745 (1971). A drunken person behind the wheel of a car is a potential killer anywhere and protecting the people of this commonwealth from a drunken driver is protecting the public safety regardless of the place where this protection is being afforded. *Commonwealth v. Crum,* supra at 690.

The Superior Court held a dirt track through an open field occasionally used for vehicular travel was adequate under the statute to support a conviction. *Commonwealth v. Baughman,* 357 Pa. Super. 535, 516 A.2d 390, 391 (1986).

From the facts of the case at bar, we conclude the trailer park drive is a trafficway which the public may assume to safely travel. We accept the reasoning in *Commonwealth v. Bresnock.* Driving under the influence is a very serious traffic offense. The purpose of 75 Pa.C.S. §3101(b) is to afford public protection from serious traffic offenses even though the offense may not have occurred on a highway. *Commonwealth v. Bresnock,* supra at 328-31. The commonwealth clearly has the police power to protect its people from serious harm. Id. at 331. Defendant in this case before us was very intoxicated. Consistent with the reasoning in *Bresnock,* the right of privacy of such a road providing ingress and egress from the trailer park is severely limited since

any number of the public could be entering or leaving the trailer park through vehicular travel. See *Commonwealth v. Bresnock,* at 331.

Defendant places reliance on *Commonwealth v. Roesch,* where it was held that a college parking area was not a trafficway or open to the public for the purposes of vehicular travel. *Commonwealth v. Roesch,* 18 D.&C.3d 59, 62 (1981). In *Roesch,* parking lot patrons were restricted in that they had no access to the lot unless authorized by registered parking permit. Id. In addition, the court strictly construed the term parking lot to represent parking only, not vehicular travel. Id.

We do not accept the reasoning of *Roesch* to be applicable. We are not dealing with a parking lot. Rather defendant was driving on a road or street. Although courts have considered parking lots to be trafficways, as cited earlier, a road or street, albeit private, is much more easily termed a trafficway. Secondly, there was no restriction placed on any member of the public from using the trailer park drive for any purpose. There is no barricade or checkpoint to deny or control admittance into the trailer park. The public was at will to use the road for travel not withstanding the fact it was privately owned. Surely, a nonmember could have vehicular rights to visit or confer with a relative, friend or business prospect who happened to reside in the park. Therefore, we find reliance upon *Roesch* to be misplaced.

We conclude defendant's post-trial motion must be denied.

## ORDER

And now, this September 14, 1987, it is hereby ordered and decreed that defendant's motion in arrest of judgment is denied.