547 A.2d 774

**COMMONWEALTH of Pennsylvania**

v.

**Joseph C. McFADDEN, Appellant.**

Superior Court of Pennsylvania.

Submitted April 4, 1988.

Filed Sept. 8, 1988.

Jack W. Cline, Mercer, for appellant.

Thomas S. Moore, Assistant District Attorney, Grove City, for Com.

Before CIRILLO, President Judge, and POPOVICH and MONTGOMERY, JJ.

CIRILLO, President Judge:

This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Mercer County on October 27, 1987, against Joseph McFadden. McFadden was sentenced to thirty days to twenty-three months in the Mercer County Jail, and was fined three hundred dollars. We reverse.

On December 11, 1986, police were summoned to the Pine Hollow Trailer Court by Edward Thomas. A truck owned by Thomas had been damaged when Joseph McFadden backed his car into it. Thomas had heard the collision, had seen McFadden driving the car away, and had run after him on foot. He stopped McFadden at the entrance to the trailer park, and insisted that he return with him to his trailer. Thomas then called the police. McFadden did not remember the accident. Thomas testified that McFadden appeared to be unsteady while seated in the car, and further testified that he observed the sobriety tests conducted by the police, and that McFadden appeared to him to be drunk. He, as well as the officer who administered the tests, testified that McFadden had fallen when he attempted to perform a test which required him to bend from the waist with his eyes closed. The police officer also testified that McFadden smelled of alcohol, and almost fell from the car when he tried to get out of it initially.

McFadden was taken to a hospital for treatment for a cut received from his fall during the sobriety test. While there, he agreed to a blood test; the level of alcohol in his blood was found to be 0.28. He was arrested and charged with driving under the influence of alcohol under 75 Pa.C.S.A. § 3731(a)(1), (4). McFadden was found guilty after a jury trial. He filed post-trial motions which were denied. He then appealed to this court.

McFadden argues on appeal that he should not have been convicted of driving under the influence of alcohol because the Motor Vehicle Code applies only to the operation of vehicles on the "highways" and "trafficways" of the Commonwealth of Pennsylvania. 75 Pa.C.S.A. § 3101. Accord-

ing to McFadden, the private drive of a trailer court does not constitute either a "highway" or "trafficway" as defined in section 102 of the Motor Vehicle Code. Because, after reviewing all the evidence presented in the light most favorable to the Commonwealth, we do not find that the private drive in question was a "trafficway" under Section 102 of the Motor Vehicle Code, we reverse and discharge appellant.

McFadden has couched his appeal to us in terms of a challenge to the denial of his motion in arrest of judgment. In reviewing a refusal to arrest judgment, we must consider whether the evidence was sufficient to uphold the verdict of the trial court. We must accept all the evidence and all reasonable inferences which may be drawn from that evidence upon which the fact finder could have based its verdict. If the evidence, viewed in the light most favorable to the verdict winner, is not sufficient to establish guilt beyond a reasonable doubt of the crime charged, then the motion should have been granted. *Commonwealth v. Robinson*, 351 Pa.Super. 309, 311–12, 505 A.2d 997, 998 (1986). In this case, if the Commonwealth failed to show that the drive on which the accident occurred was either a "highway" or a "trafficway" under the Motor Vehicle Code, the evidence would not have been sufficient to establish McFadden's guilt beyond a reasonable doubt. An essential element of this offense is that it have occurred on a highway or trafficway.

Section 3101 of the Motor Vehicle Code states that:

§ 3101. Application of part

(a) General rule.—Except as provided in subsection (b), the provisions of this part relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except where a different place is specifically referred to in a particular provision.

(b) Serious traffic offenses.—The provisions of Subchapter B of Chapter 37 (relating to serious traffic offenses)

shall apply upon highways and trafficways throughout this Commonwealth.

75 Pa.C.S. § 3101.

"Highways" and "trafficways" are defined in the Motor vehicle code as follows:

### § 102.—Definitions

"**Highway.**" The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel. The term includes a roadway open to the use of the public for vehicular travel on grounds of a college or university or public or private school or public or historical park.

"**Trafficway.**" The entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom.

75 Pa.C.S. § 102. It is clear that this offense did not occur on a highway, because the testimony establishes that it was a private road. The question which we must consider on appeal is whether or not the drive into the trailer park may be considered a trafficway.

There is little authority in case law to guide us on this issue. A panel of this court has held that a dirt road through a field which was open to the public, and was customarily used by some members of the public for vehicular traffic, constituted a trafficway under the statute. *Commonwealth v. Baughman,* 357 Pa.Super. 535, 538, 516 A.2d 390, 391 (1986). It noted that no signs or barriers existed which restricted access to that road. *Id. See also Commonwealth v. Williams,* 36 D. & C.3rd 106 (Berks Co.1985) (holding private road is a trafficway and citing to *Commonwealth v. Bresnock, infra* ).

Other courts of this Commonwealth have also addressed this issue, although their decisions do not bind us. The Commonwealth Court held that a private motel parking lot was a trafficway under the Motor Vehicle Code. *Department of Transportation v. Bendik,* 112 Pa.Cmwlth. 591,

——, 535 A.2d 1249, 1251 (1988). The court found that from its use, one could infer that a motel parking lot was customarily open to the public for the purposes of vehicular traffic to the extent that members of the public were welcome to drive on the lot if they wished to patronize the motel or restaurant. *Id.* at ——, 535 A.2d at 1251. This decision parallels decisions at the trial court level. *See Commonwealth v. Bresnock*, 19 D. & C.3rd 327, 330 (Lehigh Co.1981) (private parking lot of a restaurant was open to the public for vehicular purposes to extent any member of public could enter to patronize business, and therefore constituted a trafficway); *Commonwealth v. Roesch*, 18 D. & C.3rd 59 (Centre Co.1981) (private parking lot in university with signs restricting access not necessarily open for public travel or improved, used, or designed for vehicular travel, and therefore not trafficway).

We do not find these decisions persuasive because the factual situations on which they were based differ from that facing us in the present case. A review of the record shows that the Commonwealth failed to adduce any evidence upon which the jury could have based a conclusion that the road was customarily open to vehicular traffic. Quite to the contrary, the testimony described the drive as a private road with only one entrance/exit through which access and egress could be obtained. Thomas testified that the road was a dead end, and that he lived at the end of the turnaround "when it comes into a 'T'." Based on this evidence, the jury could not reasonably draw the inference that the road was customarily open to the public for the purposes of vehicular traffic. The more reasonable conclusion to be drawn from the very shape of the road is that it was a purely private drive utilized by those who lived in the trailer park to gain access to, and egress from, their homes. We note that appellant was, in fact, a resident of the trailer park.

While it is true that those visiting the residents of the trailer park were welcome to use the road, we do not find that this possibility of random drivers creates the

customary use by the public for vehicular travel that is necessary to designate a drive a trafficway under Section 3101. In fact, we note, as did a panel of this court in *Baughman*, that Section 3101 has a separate definition for "private road" or "driveway." Section 102 defines these terms as:

A way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons.

75 Pa.C.S. § 102. The only evidence presented by the Commonwealth seems to bring the drive into the trailer park within this definition. Neither section 3101 nor section 3731(a)(1), (4) proscribes conduct on private roads or driveways.

We must strictly construe the provisions of sections 102 and 3101. 1 Pa.C.S. § 1928(b)(1) (penal statutes are strictly construed). We therefore hold that viewed in the light most favorable to the Commonwealth, the evidence was insufficient to establish the guilt of the appellant beyond a reasonable doubt. The Commonwealth, having failed to show that the road in question was, in fact, a "trafficway" under the Motor Vehicle Code failed to establish that McFadden had committed an offense under Section 3731. For these reasons, we reverse the decision of the trial court.

Judgment of sentence is vacated, and the appellant is discharged.

MONTGOMERY, J., filed a concurring statement.

POPOVICH, J., filed a dissenting opinion.

MONTGOMERY, Judge, concurring:

I concur with the majority that the appellant's judgment of sentence must be vacated. I reach this conclusion only after a thorough reading of the record in this case. Put simply, the Commonwealth failed to prove, as it is required to, that the offense occurred on either a highway or trafficway of the Commonwealth. The owner of the vehicle which

the appellant damaged testified on direct examination that the area where the appellant was driving was not a public highway. The other Commonwealth witness, the arresting officer, confirmed on cross-examination that the offense occurred on "private property" as was indicated in his accident report. While not wholly dispositive of the issue, this was the only evidence adduced at trial relating to where the appellant was driving at the time of the accident, which ultimately led to the appellant's arrest. Under these circumstances, I concur with Judge Cirillo that the Commonwealth failed to produce sufficient facts to sustain the appellant's conviction.

POPOVICH, Judge, dissenting:

I cannot join in the Majority's conclusion that a driveway within the confines of a trailer park, and upon which the defendant was observed driving while intoxicated, is not a "highway" or "trafficway" under the Motor Vehicle Code so as to sustain the defendant's conviction and sentence for violating 75 Pa.C.S. § 3731(a)(1) & (4).

Under 75 Pa.C.S. § 102, a "highway" is defined to include a roadway open to the use of the public and situate on the grounds of a "private school". Similarly, "trafficway" is defined in the same section to encompass property "open to the public" for vehicular travel as a matter of "custom".

At bar, we have a trailer park on which the defendant, and the owner of the vehicle he struck while attempting to leave the grounds, resided. No one disputes the singularity of the road serving as the only access route to and from the trailer park. Further, there is no indication from the accounting by even the Majority's recitation of the facts that restrictions were placed on the "public" seeking to use the roadway to visit, do work for or make deliveries to those in the park area. Thus, the "private" nature of the roadway did not inhibit entry or exit by the public at large, be it to perform a task or renew acquaintances with those who reside there.

Unlike the Majority, I read the cases cited in the body of its opinion to be supportive of a conclusion upholding the trial court's judgment of sentence. In my reading of the law, where a roadway is travelable by and accessible to the public it should be denominated a "trafficway". The nature of the road in question, in the sense that it is on "private" property, should not detract from its being characterized as open to public ingress and egress.

Because I do not read the facts and the law so narrowly as to embrace the position of the Majority, I respectfully dissent from the reversal of the judgment of sentence.