553 A.2d 452

**COMMONWEALTH of Pennsylvania**

v.

**David R. WILSON, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 26, 1988.

Filed Jan. 30, 1989.

Petition for Allowance of Appeal Denied June 30, 1989.

254

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com.

Before OLSZEWSKI, DEL SOLE and KELLY, JJ.

DEL SOLE, Judge:

Appellant, David R. Wilson, was found guilty of one count of operating a motor vehicle while under the influence of alcohol (75 Pa.C.S.A. § 3731(a)(1)); and one count of operating a motor vehicle while his blood alcohol content exceeded 0.10% (75 Pa.C.S.A. § 3731(a)(4)). Wilson appeals

raising two issues. We find both issues meritless and affirm the judgment of sentence.

One night, two police officers were called to the Elks Club because of a disturbance in the Club building. When the officers arrived, they found Wilson to be belligerent, disorderly and in what appeared to be a highly intoxicated state. Because of his apparent intoxication the officers gave Wilson the choice of calling a cab, taking a ride from the police or walking in order to get home. Wilson began to walk home, only to return to the Club's parking lot. Wilson then got into a car that was parked in the lot, started the car and began to exit the lot. At that time one of the police officers blocked Wilson's car from proceeding. Wilson was then arrested and was taken to a hospital which determined his blood alcohol content to be 0.196%.

Wilson was charged with Driving under the Influence of Alcohol which is defined in the vehicle code as a "Serious Traffic Offense." A Serious Traffic Offense, according to 75 Pa.C.S.A. § 3101, must be committed on a highway or a trafficway. A highway is defined as:

the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the ·use of the public for purposes of vehicular travel. The term includes a roadway open to the use of the public for vehicular travel on grounds of a college or university or public or private school or public or historical park. 75 Pa.C.S.A. § 102.

A trafficway is defined as:

the entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom.

75 Pa.C.S.A. § 102.

Wilson's first argument is that the Elks Club parking lot is neither a highway nor a trafficway. Consequently, his conviction for driving while under the influence should be reversed.

■ The question of whether a parking lot is a highway or a trafficway for the purposes of a conviction of driving while under the influence has never come before this court before. A number of the common pleas courts have been presented with this question. They have generally held that a party may be convicted of driving under the influence while in a parking lot. *Commonwealth v. Bresnock*, 19 Pa.D. and C.3d 327 (Lehigh County 1981); *Commonwealth v. Smith*, 15 Pa.D. and C.3d 369 (Clearfield County 1979); *Commonwealth v. Barger*, 52 D. and C.2d 744 (Centre County 1971).

The Commonwealth Court was faced with this question in *Commonwealth Dept. of Transportation v. Bendik*, 112 Pa.Cmwlth. 591, 535 A.2d 1249 (1988). Bendik's car collided with another car while pulling out of a motel parking lot. When Bendik got out of her car, the arresting officer detected the odor of alcohol on her breath. Bendik refused a bloodtest. The Commonwealth Court construed the "implied consent" section of the vehicle code (75 Pa.C.S.A. § 1547) along with the section which defines "Serious Traffic Offenses" (75 Pa.C.S.A. § 3101) and decided that a person who is operating a motor vehicle on a highway or trafficway is deemed to have given her consent to a blood alcohol test.

The Court decided that a parking lot was a trafficway in terms of the code and suspended Bendik's license according to § 1547. Because the parking lot was open to the public and vehicular traffic did occur on it, it fell within the definition of trafficway. The Court reasoned:

The purpose of Section 3101 is to afford protection to the public from serious traffic offenses even though these offenses did not occur on highways. It is this court's opinion that the legislature was contemplating accidents such as the one which involved (Bendik) when it included the term 'trafficways' in the code and permitted the prosecution of serious traffic offenses, such as drunk driving, committed on them.

535 A.2d at 1251.

In *Commonwealth v. Baughman,* 357 Pa.Super. 535, 516 A.2d 390 (1986), this court was faced with the question of whether a dirt track, through a field which was open to the public and occasionally used for vehicular traffic, was a trafficway for the purposes of a conviction of driving while under the influence. The Court said that it was a trafficway, the essential element being that it was "open to the public." 357 Pa.Super. at 538, 516 A.2d 390.

We find the reasoning of both Courts persuasive in considering Wilson's conviction. The Commonwealth Court's finding that the legislature intended parking lots to be included within the definition of trafficways is especially important. It would raise form to towering levels above substance if parking lots, in which vehicular traffic is encouraged and occurs, sometimes at high rates of speed, were to become "DWI-free zones," in which drunk driving is tolerated from entrance to exit. Such a construction would seriously undermine the effectiveness of any drunk driving prohibitions.

In Wilson's case, the trial court found the Elks Club parking lot to be open to the public by custom even though the lot was marked private by a sign. This fulfills the prerequisite that a trafficway, by definition, must be open to the public. Even if restricted by signs, if a parking lot is used by members of the public, it is a trafficway for purposes of 75 Pa.C.S.A. § 3101.

We distinguish at this time *Commonwealth v. McFadden,* 377 Pa.Super. 454, 547 A.2d 774 (1988) from the present case. *McFadden* involved a drunk driving conviction which was overturned by this court because the Commonwealth failed to produce sufficient evidence to convict the defendant. The alleged drunk driving in *McFadden* took place in a trailer park driveway which a plurality of this court found not to be a trafficway. It is important to note, however, that *McFadden* is a plurality opinion with one judge concurring in the result and one judge dissenting. It's interpretation of § 3101 has no precedential value in this Commonwealth.

■ Wilson's second issue is whether the police officer who arrested Wilson as Wilson was driving out of the parking lot actually entrapped Wilson. Wilson argues that he should have been arrested for Public Drunkenness (18 Pa.C.S.A. § 5505) at the time the police officers first arrived. By waiting for him to come back to the lot and get into the car, the police officer entrapped Wilson into the offense of Driving while under the influence (75 Pa.C.S.A. § 3731).

Entrapment in this Commonwealth is defined in the following way:

A public law enforcement official or a person acting in cooperation with such an official perpetrates an entrapment if for the purpose of obtaining evidence of the commission of an offense, he induces or encourages another person to engage in conduct constituting such offense by either:

(1) making knowingly false representation designed to induce the belief that such conduct is not prohibited; or

(2) employing methods of such persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it.

18 Pa.C.S.A. § 313.

A plain reading of the statute shows that the police officer's actions cannot be entrapment. Wilson was ejected from a Christmas party at the Elks Club. The police officers who came to investigate the disturbance gave Wilson a break by not arresting him and by allowing him to go home. It was out of his own volition that after he had decided to walk home, Wilson came back to the lot and attempted to drive. Then he was stopped again by the police. In order to succeed on the defense of entrapment, "it must be shown that police conduct would have induced an innocent person to commit a crime." *Commonwealth v. Stokes* 264 Pa.Super. 515, 518, 400 A.2d 204 (1979). We find no such inducement here.

Judgment of sentence affirmed.