## Commonwealth v. Oczkowski

*William Panella, assistant district attorney,* for the Commonwealth.
*Sanford S. Kantz,* for defendant.

CAIAZZA, *J.,* February 25, 1991—We have before us for consideration defendant's appeal from summary criminal conviction.

On April 28, 1990, defendant, Mike Oczkowski, was cited by Officer Allan J. Nocera of the Shenango Township Police Department for a violation of section 3733 of the Vehicle Code, 75 Pa.C.S. §3733, entitled "Fleeing or attempting to elude police officer." The charge arose as the result of an incident which occurred on a roadway servicing the Pines Trailer Park, which is a private facility situated in Shenango Township, Lawrence County, Pennsylvania.

On May 21, 1990, District Justice David B. Rishel found defendant guilty of the charged offense and sentenced defendant to pay a fine and court costs.

Defendant subsequently filed the instant appeal. On January 17, 1991, this court conducted a hearing de novo pursuant to the provisions of Pa.R.Crim.P. 86(f).

On appeal, defendant essentially argues that he cannot be convicted of the foregoing offense because the Vehicle Code applied only to the operation of vehicles on the "highways" and "trafficways" of the Commonwealth and that the roadway involved here does not constitute such a highway or trafficway.

Section 3101 of the Vehicle Code, 75 Pa.C.S. §3101, provides:

"(a) *General rule*—Except as provided in subsection (b), the provisions of this part relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except where a different place is specifically referred to in a particular provision.

"(b) *Serious traffic offenses*—The provisions of Subchapter B of Chapter 37 (relating to serious traffic offenses) shall apply upon highways and trafficways throughout this Commonwealth."

Section 3733, at issue here, is contained within Chapter 37, Subchapter B, which includes sections 3731 through 3735.

Relatedly, section 102 of the Vehicle Code, 75 Pa.C.S. §102, defines "highways" and "trafficways" as follows:

" 'Highway.' The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel. The term includes a roadway open to the use of the public for vehicular travel on grounds of a college or university or public or private school or public or historical park.

" 'Trafficway.' The entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom."

In the case sub judice it is clear that this offense did not occur on a "highway" as the testimony establishes that the roadway in question was on private property and was not, therefore, a publicly maintained way. Even the report of the police officer described the roadway as being situated on private property.

The issue which the court must therefore next resolve is whether the roadway in question constitutes a "trafficway" as previously defined by the Vehicle Code.

In that regard, the testimony incontrovertibly establishes that the roadway within the Pines Trailer Park is a drive with one common means of ingress and egress. Also, it appears that the road, which is either circular or rectangular in form, fundamentally serves the private residents of the trailer park. Based upon the evidence before it, the court cannot

conclude that the road was customarily open to the public for the purpose of vehicular traffic.

Parenthetically, the testimony also established that there appears to be an additional outlet which extends beyond the drive which circles the trailer park and which leads to a motorcycle trail. That fact, however, does not serve to invite the general public into the confines of the trailer park.

Pursuant to Pennsylvania case law, the possibility of random drivers utilizing a private road within a trailer park does not create a sufficient public use to designate the roadway as a trafficway under the applicable provisions of the Vehicle Code. See *Commonwealth v. McFadden,* 377 Pa. Super. 454, 547 A.2d 774 (1988).

Our holding refers only to the facts appearing in the case sub judice and should not be extended to all drives which necessarily serve trailer parks. Factual scenarios may appear which would require a different result.

## ORDER OF COURT

Now, February 25, 1991, in accordance with the provisions of the appended memorandum opinion, the court finds defendant, Mike Oczkowski, not guilty of violating section 3733 of the Vehicle Code, 75 Pa.C.S. §3733.