# Commonwealth v. Paschell

*Glenn A. Parno, assistant district attorney,* for the Commonwealth.

*Carol K. Alexander,* for defendant.

BIESTER Jr., *J.,* May 17, 1991—Following a stipulated waiver trial on January 7, 1991, defendant Joseph Paschell was found guilty of driving under the influence of alcohol (DUI) by this court. See 75 Pa.C.S. section 3731. Defendant filed a timely post-verdict motion in arrest of judgment and/or for a new trial arguing the following issue: that the Commonwealth had not proved beyond a reasonable doubt that the DUI incident occurred in a "trafficway" as required by 75 Pa.C.S. section 3101. The stipulated facts are as follows.

On or about February 13, 1990, Officer William Williams of the Bensalem Township Police Department was summoned to 3338 Richlieu Road in Bensalem Township, Bucks County, Pennsylvania, to Country Common Apartments. He was dispatched to the parking lot adjacent to building "L" of the apartment complex to investigate an automobile accident. The defendant was driving a motorcycle and had collided with a parked car.

Officer Williams questioned the defendant and detected the odor of alcohol on the defendant's breath. The officer requested the defendant to sub-

mit to a blood test in order to determine the defendant's blood alcohol content. The blood sample taken from the defendant contained a blood alcohol content of 0.16 percent.

The Commonwealth presented evidence that there were entrances to the apartment complex through which the public had the opportunity to ingress and egress to and from a public highway.

Defense counsel argues that *Commonwealth v. McFadden,* 377 Pa. Super. 454, 457, 547 A.2d 774, 775 (1988), controls the case sub judice. We disagree and follow the Superior Court's holding in *Commonwealth v. Wilson,* 381 Pa. Super. 253, 553 A.2d 452 (1989). In *Wilson,* the Superior Court was confronted with a similar case to the case at bar, in that the defendant in *Wilson* was arrested in an Elks Club parking lot for driving under the influence of alcohol. The Superior Court, which had never adjudicated this specific issue before, held as follows:

"In Wilson's case, the trial court found the Elks Club parking lot to be open to the public by custom even though the lot was marked private by a sign. This fulfills the prerequisite that a trafficway, by definition, must be open to the public. Even if restricted by signs, *if the parking lot is used by members of the public, it is a trafficway for purposes of 75 Pa.C.S. section 3101.*" *Id.* 381 Pa. Super. 253, 553 A.2d at 454.

Regarding the *McFadden* decision, the Superior Court made it perfectly clear that the holding is not controlling:

"The alleged drunk driving in *McFadden* took place in a trailer park driveway which a plurality of this court found not to be a trafficway. It is important to note, however, that *McFadden* is a plurality opinion with one judge concurring in the result and one judge dissenting. It's interpretation of section

3101 has *no precedential value in this Common-wealth." Id.* (emphasis supplied)

Thus, defendant's contention that the parking lot at the apartment complex is not a "trafficway" pursuant to section 3101 must be denied. We enter the following

## ORDER

And now, May 17, 1991, it is hereby ordered that defendant's post-verdict motion is denied and dismissed.