J-A13007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM ANSELL, | |
| Appellant | No. 1051 WDA 2015 |

Appeal from the Judgment of Sentence of June 10, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-SA-0002729-2014

BEFORE:  OLSON, STABILE AND MUSMANNO, JJ.:

MEMORANDUM BY OLSON, J.:                              **FILED JUNE 29, 2016**

Appellant, William Ansell, appeals from the judgment of sentence entered on June 10, 2015 in the Court of Common Pleas of Allegheny County following his two summary convictions for unlawful parking in violation of 75 Pa.C.S.A. § 3353(a)(3)(ii).  We affirm.

The relevant facts are as follows.  On August 20, 2012, Ross Township enacted Ordinance No. 2321, which created a no parking zone on Fairley Road within the municipality.  Thereafter, on October 4, 2014, Officer Jonathan Killmeyer of the Ross Township Police Department responded to a complaint from Appellant's neighbor regarding an illegally parked vehicle along Fairley Road.  Officer Killmeyer traveled to the scene and observed Appellant's car parked unlawfully where "No Parking" signs were erected pursuant to Ordinance No. 2321.  Officer Killmeyer issued a citation and had

the vehicle towed. The following day, October 5, 2014, Office Killmeyer returned to the area and found Appellant's vehicle parked in the same location. He again issued a citation and mailed it to Appellant.

Appellant pleaded not guilty to both citations and appeared before a magistrate on November 12, 2014. The magistrate found Appellant guilty of parking in a no parking zone in violation of 75 Pa.C.S.A. § 3353(a)(3)(ii). Thereafter, Appellant filed a summary appeal from the magistrate's determination. At a *de novo* hearing on February 23, 2015, the Commonwealth called Officer Killmeyer to testify, *inter alia*, that he observed Appellant's vehicle parked illegally on October 4th and 5th, 2014. Appellant did not dispute that he was parked in a no parking area on both occasions. Instead, he called Robert Ansell, his brother and the owner of Appellant's Fairley Road residence, to testify that Ross Township never acquired ownership of Fairley Road and that it remained private land. After the parties concluded their examination of the witnesses, the Commonwealth argued that Fairley Road was open to the public for purposes of vehicular traffic and, therefore, subject to regulation under the Motor Vehicle Code. Appellant argued that Fairley Road had not been dedicated and was not open to the public. Accordingly, Appellant asserted that Fairley Road was not subject to regulation enacted by Ross Township. The trial court took the matter under advisement and directed the parties to submit briefs.

After the parties submitted briefs, the court reconvened Appellant's hearing *de novo* on June 10, 2015. At the commencement of the hearing,

the Commonwealth moved the court to reopen the record so that it could introduce the testimony of Officer Thomas of the Ross Township Police Department, who conducted a traffic study of Fairley Road.[1] Appellant objected to the Commonwealth's motion and the trial court sustained his objection. After argument by both sides, the court found that Fairley Road was a public highway subject to regulation under the Motor Vehicle Code. The court also determined that Appellant waived his challenge asserting the lack of a traffic or engineering study because he failed to raise the issue at the February 23, 2015 *de novo* hearing. Consequently, the court dismissed Appellant's appeal and sustained the judgment finding him guilty of two summary violations of 75 Pa.C.S.A. § 3353(a)(3)(ii). Additionally, the court imposed two fines in the amount of $100.00 plus costs. Appellant filed a timely notice of appeal from the court's June 10, 2015 order. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following questions for our review:

Did the trial court commit an error law in finding Ross Township had complied with the provisions of 75. Pa.C.S. §3353(a)(3)(d) by passing an ordinance prohibiting parking on Fairley Road

_____

[1] The Commonwealth offered the testimony of Officer Thomas to address a claim raised in Appellant's brief submitted to the trial court that which argued that the Commonwealth failed to adduce sufficient evidence in support of Appellant's conviction because it did not come forward with proof that Ross Township conducted a required traffic and engineering study of Fairley Road that supported the need to proscribe parking either because parking on Fairley Road created a safety hazard or impeded the free flow of vehicular movement. Appellant's brief is not included in the certified record.

without first conducting both engineering and traffic studies indicating stopping, standing or parking would constitute a safety hazard or where the stopping, standing or parking of vehicles would unduly interfere with the free movement of traffic?

Did the trial court err in finding the Commonwealth had introduced evidence of record sufficient to prove beyond a reasonable doubt each of the elements necessary to find the Appellant guilty of parking where prohibited by a sign in violation of 75 Pa.C.S. §3353 (a)(3)(ii)?

Did the trial court err when it found that the evidence of record was sufficient to prove beyond a reasonable doubt that Fairley road was a public highway as defined by 75 Pa.C.S. §102?

Did the trial court err in concluding the Appellant did not timely raise the Commonwealth's failure to comply with the requirements of 75 Pa.C.§3353(d) during the *de novo* hearing on February 23, 2015, so as to constitute waiver?

Appellant's Brief at 2-3.

Appellant's first three claims purport to challenge the sufficiency of the Commonwealth's evidence introduced against him. Appellant's claims are unique, however, in that he does not object to the sufficiency of the factual proof of his guilt.[2] Instead, Appellant argues that the Commonwealth's

_____

[2] Indeed, there is little doubt in this case that Appellant violated 75 Pa.C.S.A. § 3353(a)(3)(ii). Section 3353(a)(3)(ii) provides:

**3353. Prohibitions in specified place**

(a) General rule.—Except when necessary to avoid conflict with other traffic or to protect the safety of any person or vehicle or in compliance with law or the directions of a police officer or official traffic-control device, no person shall:…

    (3) Park a vehicle: …

*(Footnote Continued Next Page)*

evidence was insufficient because it failed to prove beyond a reasonable doubt that Ross Township completed a traffic study finding that parking on Fairley road constituted a safety hazard or unduly interfered with vehicular movement before passing Ordinance No. 2321. Alternatively, Appellant contends that that the Commonwealth failed to prove that Fairley Road constituted a highway such that it was subject to regulation under the Motor Vehicle Code. We address these claims separately.

Citing 75 Pa.C.S.A. § 3353(d),[3] Appellant's first and second claims treat Ross Township's performance of a traffic study as an element of the

_(Footnote Continued)_ ————————————

> (ii) At any place where official signs prohibit parking.

75 Pa.C.S.A. § 3353(a)(3)(ii).

At Appellant's _de novo_ hearing, the Commonwealth introduced uncontroverted evidence that Officer Killmeyer personally observed Appellant's vehicle parked in the vicinity of a "No Parking" sign on Fairley Road on October 4 and 5, 2014. Robert Ansell confirmed the presence of the "No Parking" sign. Officer Killmeyer issued two citations charging Appellant with violating 75 Pa.C.S.A. § 3353(a)(3)(ii). Appellant offered no evidence to refute the Commonwealth's proof that he parked his car in a place where an official sign prohibited parking. Thus, the Commonwealth clearly met its burden in proving two violations of section 3353(a)(3)(ii).

[3] Section 3353(d) states:

> (d) Restrictions by appropriate authorities.--The department on State-designated highways and local authorities on any highway within their boundaries may by erection of official traffic-control devices prohibit, limit or restrict stopping, standing or parking of vehicles on any highway where engineering and traffic studies indicate that stopping, standing or parking would constitute a safety hazard or where the stopping, standing or parking of

_(Footnote Continued Next Page)_

offense set forth in section 3353(a)(3)(ii). Specifically, Appellant's first claim asserts that the Commonwealth had the burden of proving beyond a reasonable doubt that Ross Township conducted a traffic study prior to enacting Ordinance No. 2321. Appellant's second claim emphasizes that the Commonwealth needed to prove that the traffic study concluded that, "stopping, standing or parking would constitute a safety hazard or [that] stopping, standing or parking of vehicles would unduly interfere with the free movement of traffic." **See** Appellant's Brief at 18, *quoting* 75 Pa.C.S.A. § 3353(d).

Appellant is not entitled to relief on his claim that the Commonwealth failed to meet its burden of proving that Ross Township performed a traffic study prior to the enactment of Ordinance No. 2321. Section 102 defines official traffic-control devices in the following manner:

> **"Official traffic-control devices."** Signs, signals, markings and devices not inconsistent with this title placed or erected by authority of a public body or official having jurisdiction, for the purpose of regulating, warning or guiding traffic.

75 Pa.C.S.A. § 102. Under the Motor Vehicle Code, official traffic-control devices are presumed to comply with lawful requirements unless competent evidence establishes the contrary. Section 3111 of the Motor Vehicle Code,

*(Footnote Continued)* ————————————

> vehicles would unduly interfere with the free movement of traffic.

75 Pa.C.S.A. § 3353(d).

which governs the legal presumption that attaches to official traffic-control devices, provides:

**§ 3111. Obedience to traffic-control devices**

(d) Presumption of proper devices.--Any official traffic-control device placed or held pursuant to the provisions of this title and purporting to conform to the lawful requirements pertaining to such devices shall be presumed to comply with the requirements of this title, unless the contrary shall be established by competent evidence.

75 Pa.C.S.A. § 3111(d). Applying section 3111, this Court has consistently held that, "it is not the Commonwealth's initial burden to offer into evidence the results of an engineering and traffic study[]" and that "[where official traffic-control signals are] posted so as to [be] readily observable by the motoring public[, t]he Commonwealth [is] entitled to the presumption that they were lawfully authorized." *Commonwealth v. Kerns*, 420 A.2d 542, 543 (Pa. Super. 1980); *see also Commonwealth v. Gernsheimer*, 419 A.2d 528, 530 (Pa. Super. 1980).

At his hearing *de novo*, Appellant came forward with no evidence to establish that Ross Township failed to perform the traffic study required under section 3353(d). Thus, the presumption of validity codified at section 3111(d) defeats Appellant's claim that the Commonwealth failed to meet its burden of proving the performance of a traffic study.

We are unpersuaded by Appellant's reliance on our decision in *Commonwealth v. Kittleberger*, 616 A.2d 1 (Pa. Super. 1992). In *Kittleberger*, the trial court found the defendant guilty of traveling in

excess of a posted speed limit. On appeal, the defendant questioned whether the Commonwealth met its burden of proving that a speed timing device was approved by the Department of Transportation, which was an element of his offense. We noted in our decision that the Commonwealth was not limited to the production of a certificate expressly indicating the Department's approval of a particular timing device. Instead, the Commonwealth enjoyed the option of asking the court to take judicial notice of the Department's approval, if the approval had been published in the Pennsylvania Bulletin. *Kittleberger*, 616 A.2d at 3. At trial, the Commonwealth offered only a certificate of accuracy to demonstrate the Department's approval of the device used to detect the defendant's speed. We held this evidence to be insufficient and discharged the defendant.

Appellant's attempt to equate the absence of proof of a traffic study to the Commonwealth's failure in *Kittleberger* to adduce sufficient evidence of the Department's approval of a speed timing device is unavailing. As we have observed, the "No Parking" sign erected by Ross Township on Fairley Road is entitled to a presumption of validity that does not apply to the speed timing device at issue in *Kittleberger*. Accordingly, Appellant is entitled to no relief on his first two claims.

Appellant's next claim alleges that Fairley Road is not subject to regulation under the Motor Vehicle Code and that Ross Township lacked authority to enforce its prohibition on parking. Appellant bases this claim on

his contention that the Commonwealth failed to prove that Fairley Road is a "highway" within the meaning of that term as defined in 75 Pa.C.S.A. § 102 since "the evidence in the record is that Fairley Road is a private road; that it is a loop providing access to [only] a handful of houses in Ross Township; and that [Fairley Road] cannot be used by the public to **travel** anywhere." Appellant's Brief at 22 (emphasis in original). We disagree with Appellant's position.

Appellant advances a sufficiency challenge in which he objects to Ross Township's authority to enforce a parking prohibition on Fairley Road. The key question in determining whether a local authority has appropriately erected an official traffic-control device that prohibits or restricts parking within its boundary is whether the regulated area constitutes a highway open to the public for vehicular traffic.[4] ***See*** 75 Pa.C.S.A. § 3353(d). The Motor Vehicle Code defines "highway" as follows:

> **"Highway."** The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for vehicular travel. The term includes a roadway open to the use of the public for vehicular travel on grounds of a college or university or public or private school or public or historic park.

_____

[4] We conclude that the Commonwealth is not entitled to the presumption of validity codified at section 3111(d) on this question. The certified record establishes that Appellant came forward at his February 23, 2015 hearing *de novo* with evidence tending to show that Fairley Road was not open to the public. In so doing, Appellant offset the presumption of validity under section 3111(d) and the Commonwealth was required to prove the highway status of Fairley Road beyond a reasonable doubt.

75 Pa.C.S.A. 102. In assessing Appellant's sufficiency challenge, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that the Commonwealth proved this element of the crime beyond a reasonable doubt. *Commonwealth v. Zabierowsky*, 730 A.2d 987, 988-989 (Pa. Super. 1999).

Our case law holds that the public use component of section 102 of the Motor Vehicle Code can be met despite certain restrictions on access to the regulated area so long as the record establishes that a sufficient number of drivers use the roadway for vehicular traffic. *See id*. at 989-990; *see also Commonwealth v. Wilson*, 553 A.2d 452 (Pa. Super. 1989) (legislature intended parking lots to be included within definition of trafficways and parking lot used by members of the public constituted trafficway for purpose of Motor Vehicle Code even where it was marked "private" by signage); *Commonwealth v. Proctor*, 625 A.2d 1221 (Pa. Super. 1993) (parking lot of mall was open to public for shopping; thus, sufficient evidence existed for jury to conclude that parking area was a trafficway for purposes of Motor Vehicle Code); *Commonwealth v. Cozzone*, 593 A.2d 860 (Pa. Super. 1991) (unrestricted parking area of a condominium complex generally open to public constituted trafficway under Motor Vehicle Code); *Commonwealth v. Baughman*, 516 A.2d 390 (Pa. Super. 1986) (one lane, dead-end, dirt

road located on private property deemed trafficway where evidence revealed intermittent use by vehicular traffic).[5]

Appellant relies heavily on the testimony of Robert Ansell, his brother, who stated that there was no documentation to show that Ross Township adopted or acquired Fairley Road through legislative measures. Whether Fairley Road was dedicated to Ross Township is not a relevant factor, however, in determining whether it is a highway under section 102 of the Motor Vehicle Code. Instead, the dispositive question is whether Fairley

_____

[5] Our cases in which we have held that roadways were not open to the public and therefore not subject to the motor vehicle laws do not compel a different conclusion. *See Commonwealth v. Aircraft Service International Group*, 917 A.2d 328 (Pa. Super. 2007) (airport service road on which defendant's fuel truck overturned was open only to those people who had been fingerprinted and had attended classes; thus, road was not open to public and was not subject to enforcement of motor vehicle laws); *see also Commonwealth v. Wyland*, 987 A.2d 802 (Pa. Super. 2010) (road traversing Air Force base was open only to those individuals who received authorization from chief of security; hence, road was not open to the public and did not constitute a trafficway for purposes of Motor Vehicle Code).

Moreover, Appellant's reliance on *Commonwealth v. McFadden*, 547 A.2d A.2d 774 (Pa. Super. 1988) is unavailing. In that case, we determined that the Commonwealth failed to prove that the road in question, a dead-end, private drive in a trailer court, was customarily open to vehicular traffic. We reasoned that intermittent drivers on the private road did not create the requisite customary public use to constitute a trafficway under section 102. The facts here are compellingly different. In addition, *McFadden* is a plurality decision in which one judge authored the decision, another judge concurred in the result, and the third panel member dissented. *McFadden*, therefore, is not binding authority. *See In re O.A.*, 717 A.2d 490, 492 n.4 (Pa. 1998) (legal conclusions adopted by a plurality do not constitute binding authority).

Road is open to the public for vehicular traffic. We conclude there is sufficient evidence in the record to support highway status for Fairley Road.

Robert Ansell testified that there is no signage designating Fairley Road as a private roadway and he assumed that anyone could drive on the road. He also testified that cars travel along Fairley Road to get to the homes situated along the street. No signage erected on the road instructs motorists that trespassing is not permitted. Officer Killmeyer explained that Fairley Road is part of a plan of lots and that Appellant lives on Lot 4, which is one of seven lots on the road. Officer Killmeyer described Fairley Road as a "loop" on which the means of entrance and exit are the same. He testified that Fairley Road is a public road maintained by Ross Township. In addition, Ross Township erected the street sign showing the name of the road. There is no evidence in the record establishing that Fairley Road is not open to members of the public. Consistent with our standard of review, we may infer from the foregoing circumstances that Fairley Road was open to postal authorities, delivery services, visitors, and other members of the public without restriction. Under these circumstances, we conclude there was ample evidence to support the trial court's finding that Fairley Road constituted a highway within the meaning of section 102 of the Motor Vehicle Code. Thus, Appellant's third claim fails.

In his final claim, Appellant asserts that the trial court erred in finding that he waived his traffic study claim because he failed to raise the issue at

the February 23, 2015 *de novo* hearing. As we stated above, the Commonwealth, under section 3111(d) of the Motor Vehicle Code, was entitled to a presumption of validity and, therefore, had no obligation to come forward with evidence regarding a traffic study. Instead, Appellant bore the initial burden to adduce competent evidence that a traffic study was never completed. He failed to discharge this burden. In essence, then, the trial court correctly found that Appellant waived his challenge involving the performance of a traffic study. No relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2016