**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Walter Joseph WITUSZYNSKI,**
**Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 15, 1999.

Filed April 4, 2000.

**350**

Frank W. Ittel, Jr., Pittsburgh, for appellant.

Michael Streily, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before STEVENS, J., CERCONE, President Judge Emeritus, and MONTEMURO *, J.

STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered November 2, 1998, in the Court of Common Pleas of Allegheny County after Appellant's conviction for Driving Under the Influence of Alcohol or Controlled Substance, ("DUI"), 75 Pa.C.S. §§ 3731(a)(1) and 3731(a)(4), and for Overtaking a Vehicle on the Right, ("OVR"), 75 Pa.C.S. § 3304. On appeal, Appellant contends that the suppression court erred in failing to suppress the physical evidence obtained by police. We affirm.

¶ 2 The standard of review applied to a claim of suppression court error is well established:

* Retired Justice assigned to the Superior Court.

In reviewing the denial of a motion to suppress, our responsibility is to determine whether the record supports the suppression court's factual findings and the legitimacy of the inferences and legal conclusions drawn from those findings. If the suppression court held for the prosecution, we consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. When the factual findings of the suppression court are supported by the evidence, the appellate court may reverse if there is an error in the legal conclusions drawn from those factual findings.

*Commonwealth v. Lopez*, 415 Pa.Super. 252, 609 A.2d 177, 178–179 (1992) (citation omitted).

¶ 3 The relevant facts and procedural history are as follows: On October 11, 1997, at approximately 6:30 p.m., Appellant was driving his vehicle west along Pearce Mill Road in North Park when he approached a line of between five and eight cars stopped ahead of him. N.T. 10/13/98 at 13. Sergeant Richard Traeger of the Allegheny County Police Department had ordered the cars to stop while he ushered a flock of geese from the middle of the roadway onto an adjacent parking lot. N.T. at 5. Off the road and seemingly out of danger, the geese appeared to need Sergeant Traeger's assistance no longer as they began across the relatively empty parking lot toward a natural setting. Sergeant Traeger, therefore, made his way back to Pearce Mill Road where he had parked his patrol car. Id.

¶ 4 Just then, Appellant drove his pickup truck off Pearce Mill Road and continued west through the parking lot for approximately four hundred feet, thereby passing to the right of the stopped traffic. N.T. at 5, 7, 12–13. According to Sergeant Traeger, Appellant nearly struck the geese as he quickly trekked through the lot in an

apparent attempt to reenter Pearce Mill Road ahead of the traffic that had since resumed travel. N.T. at 5. Sergeant Traeger believed Appellant had thus created an accident risk by dangerously passing on the right in violation of Section 3304.[1] Sergeant Traeger responded by intercepting Appellant in the parking lot before Appellant could merge back onto Pearce Mill Road. N.T. at 5, 6.

¶ 5 Sergeant Traeger alighted from his patrol car and walked to the pickup, where he questioned Appellant through the open driver-side window. During the interview, a moderate smell of alcohol emanated from Appellant, and Sergeant Traeger additionally noticed Appellant's blood shot eyes, slurred speech, and weaving torso as he sat in his truck. Appellant failed the sobriety test that followed, and his blood alcohol content ("BAC") was ultimately determined to be .28 percent. N.T. 11/2/98 at 7.

¶ 6 The Commonwealth charged Appellant with two counts of DUI and one count of OVR, as noted *supra*. At his suppression hearing, Appellant advanced alternate theories for the suppression of the BAC evidence against him. First, Appellant contended that Sergeant Traeger could not properly base the stop on a Section 3304 violation since Pearce Mill Road and the parking lot form a continuous roadway with no obstructions between them such that Appellant could not have driven "off the roadway" as prohibited under the statute. In the alternative, Appellant argued that he was driving on a trafficway separate from Pearce Mill Road when he was pulled over and that, therefore, he could not have overtaken cars on the right as contemplated in Section 3304.

¶ 7 The Commonwealth countered that the parking lot was obviously separate from the roadway, even if Pearce Mill Road and the parking lot formed a continuous span of asphalt, as a solid white line on the right edge of the road demarcated the boundary between the road and the lot. Denying Appellant's alternate theory, the Commonwealth argued that the totality of the unusual circumstances involved with Appellant's maneuver gave Sergeant Traeger reasonable and articulable grounds to believe that Appellant had violated Section 3304 so as to justify executing the stop.

¶ 8 The suppression court held that reasonable and articulable grounds existed to support Sergeant Traeger's belief that Appellant violated Section 3304 with his attempt to circumvent traffic by driving through the parking lot. Citing *Commonwealth v. Benton*, 440 Pa.Super. 441, 655 A.2d 1030 (1995), the court reasoned that that the Sergeant's reasonable belief alone—even if it was mistaken—that a motor vehicle violation occurred sufficed to allow him to stop Appellant's pickup. Accordingly, the court denied Appellant's suppression motion and scheduled the case for trial.

¶ 9 On November 2, 1998, Appellant proceeded to a bench trial where he was found guilty of the above charges. The court sentenced Appellant to serve forty-eight hours imprisonment with two years' probation to run concurrent, to undergo alcohol evaluation and attend alcohol safe driving school, and to pay a three hundred dollar ($300.00) fine and additional court costs.

¶ 10 This timely appeal followed. Appellant has filed a concise statement of mat-

1. Section 3304 provides:
   (a) **General rule.**—the driver of a vehicle may overtake and pass upon the right of another vehicle only under one of the following conditions:
   (1) When the vehicle overtaken is making or about to make a left turn, except that such movement shall not be made by driving off the berm or shoulder of the highway.
   (2) Upon a roadway with unobstructed pavement of sufficient width for two or more lines of vehicles moving lawfully in the direction being traveled by the overtaken vehicle, except that such movement shall not be made by driving off the roadway.
   (b) **Limitation.**—No passing movement under this section shall be made unless the movement can be made in safety.

ters complained of on appeal pursuant to Pa.R.A.P.1925(b), to which the court has responded with its opinion pursuant to Pa. R.A.P.1925(a). Herein, Appellant claims that the suppression court erred in holding that Sergeant Traeger had reasonable and articulable grounds for stopping his truck when Appellant legally passed stopped traffic by driving through the parking lot. With no obstruction in his way, Appellant argues, it was legal for him to pull out of his lane, enter the lot, drive across it, and return to the road. Appellant contests that the resultant stop, therefore, was unlawful. We disagree.

■ ¶ 11 While an actual violation of the Motor Vehicle Code need not ultimately be established to validate a vehicle stop, a police officer must have a reasonable and articulable belief that a vehicle or driver is in violation of the Motor Vehicle Code in order to lawfully stop the vehicle. 75 Pa. C.S.A. § 6308(b); *Commonwealth v. Benton, supra.* The plain language of Section 3304 clearly prohibits a driver from passing on the right unless, *inter alia*, the movement can be made in safety. 75 Pa. C.S.A. § 3304(b).

■ ¶ 12 The evidence established that it was not unreasonable for Sergeant Traeger to consider Appellant's vehicle as part of the flow of traffic on Pearce Mill Road rather than as part of a separate traffic pattern in the parking lot. Appellant simply swung his truck wide of the road and onto the adjacent lot in an obvious attempt to improve his position on Pearce Mill Road. Appellant drove parallel to, and in constant proximity to, Pearce Mill Road

during his approximately 400 foot trip through the parking lot, and he attempted to return to the road once he had passed the traffic. Thus, although it had entered a separate trafficway, the orientation of Appellant's vehicle remained at all times with the flow of traffic on Pearce Mill Road such that it was reasonable to conclude that Appellant was overtaking and passing upon the right of other vehicles as contemplated in § 3304.[2]

¶ 13 Moreover, the facts support Sergeant Traeger's belief that Appellant failed to execute his pass in safety, as Appellant's detour was clearly done in disregard of a potential traffic hazard that had prompted the other drivers to stop. Indeed, Appellant nearly struck the geese over in his attempt to pass the cars that were resuming travel on Pearce Mill road. Sergeant Traeger's observations, therefore, reasonably led to his belief that Appellant had executed an unsafe and unlawful pass on the right of traffic and warranted his ultimate stop of Appellant.

¶ 14 In sum, Sergeant Traeger exercised his discretion in stopping Appellant not on pretext but on a reasonable and articulable basis legislatively recognized as important to keep roadways safe and accidents to a minimum. The investigation into Appellant's manner of driving was, thus, lawful, and was not grounds for the suppression of physical evidence used to convict Appellant. Accordingly, we find Appellant's claim to be without merit.

¶ 15 Affirmed.

¶ 16 Dissenting opinion by CERCONE, President Judge Emeritus.

---

2. While § 3304 limits to two the conditions under which a driver may lawfully pass upon the right of another vehicle, it does not limit the possible unlawful means of passing on the right. Indeed, any pass upon the right made in the absence of both conditions enumerated in § 3304 is unlawful. The dissent's suggestion, therefore, that only § 3304(a)(2) is potentially applicable to the within case is without merit. The critical question here is whether reason allowed Sergeant Traeger to conclude that Appellant was overtaking and passing vehicles for purposes of § 3304 when

Appellant was traveling in a trafficway legally distinct from, albeit adjacent to, Pearce Mill Road. Where the evidence is undisputed that Appellant drove his vehicle off of a roadway and onto a contiguous, unpartitioned lot, remained proximate to the roadway at all times, and made an obvious attempt to advance beyond the traffic so as to reenter the open roadway ahead, we cannot hold as unreasonable Sergeant Traeger's belief that Appellant essentially remained as part of the roadway's traffic pattern so as to bring his pass under the ambit of § 3304.

CERCONE, President Judge Emeritus, dissenting:

¶ 1 Upon my careful review of the record in this matter, I find that I must depart from the holding of my esteemed colleagues. Hence, this dissent.

¶ 2 I cannot conclude that it was *reasonable* for Sergeant Traeger to believe in this instance that Appellant was in violation of 75 Pa.C.S.A. § 3304, Overtaking vehicle on the right, (OVR). I am mindful of this Court's scope of review in evaluating a trial court's refusal to suppress evidence. In *Commonwealth v. Queen*, 536 Pa. 315, 639 A.2d 443, (1994), our Supreme Court held that:

> [w]hen we review the ruling of a suppression court we must determine whether the factual findings are supported by the record. When it is a defendant who has appealed, we must consider only the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. Assuming that there is support in the record, we are bound by the facts as are found and we may reverse the suppression court only if the legal conclusions drawn from those facts are in error. Thus, if sufficient evidence is of record to support the suppression court's ruling and that court has not misapplied the law, we will not substitute our credibility determination for that of the suppression court judge. However, if the record does not support the suppression court or the court misapplies the law we must reverse that court's determination.

*Id.*, at 319, 639 A.2d at 445 (citations omitted).

¶ 3 Sergeant Traeger believed that Appellant was in violation of 75 Pa.C.S.A. § 3304 which reads:

#### Overtaking vehicle on the right

**(a) General rule.**—The driver of a vehicle may overtake and pass upon the right of another vehicle only under one of the following conditions:

(1) When the vehicle overtaken is making or about to make a left turn, except that such movement shall not be made by driving off the berm or shoulder of the highway.

(2) Upon a roadway with unobstructed pavement of sufficient width for two or more lines of vehicles moving lawfully in the direction being traveled by the overtaken vehicle, except that such movement shall not be made by driving off the roadway.

**(b) Limitation.**—No passing movement under this section shall be made unless the movement can be made in safety.

*Id.* The circumstances of this case reveal that the second condition, (a)(2), is the *only* provision of the statute *potentially* applicable in this instance as no vehicles ahead of Appellant in the lane of traffic on Pearce Mill Road were turning left. *See* 75 Pa.C.S.A. § 3304(a)(1). However, it is clear from the record that Appellant while driving his car on Pearce Mill Road in the lane of traffic behind another vehicle simply drove into a parking lot when he pulled off of Pearce Mill Road. N.T. Suppression Hearing, 10/13 & 15/98, at 5, 13–14. Also, the record reveals that other than white lines along the edge of Pearce Mill Road, there were no barriers, particularly physical, precluding Appellant from driving into the parking lot. *Id.*, at 8. Traditionally, parking lots have been viewed as "trafficways" in this Commonwealth. *See Commonwealth v. Proctor*, 425 Pa.Super. 527, 625 A.2d 1221, 1224 (1993) (evidence sufficiently established that mall parking lot was a "trafficway" because it was open to the public for shopping purposes in matter involving a DUI conviction) *citing Commonwealth v. Cozzone*, 406 Pa.Super. 42, 593 A.2d 860 (1991) (parking area of condominium complex is trafficway as it is generally open to public) and *Commonwealth v. Wilson*, 381 Pa.Super. 253, 553 A.2d 452 (1989) (parking lot to Elk's Lounge is trafficway as it is generally open to the public).

¶ 4 The Vehicle Code defines "trafficway" as:

[t]he entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom.

75 Pa.C.S.A. § 102. As cited previously, the statute under which Sergeant Traeger initially stopped Appellant restricted a driver from overtaking another vehicle on the right on a *roadway*. *See* 75 Pa.C.S.A. § 3304(a)(2). The Vehicle Code also explicitly defines "roadway" as:

[t]hat portion of a highway improved, designed or ordinarily used for vehicular travel, exclusive of the sidewalk, berm or shoulder even though such sidewalk, berm or shoulder is used by pedacycles. In the event a highway includes two or more separate roadways the term "roadway" refers to each roadway separately but not to all such roadways collectively.

75 Pa.C.S.A. § 102. It is apparent that "roadway" and "trafficway" are two distinct terms under the Vehicle Code. In reviewing these terms, it is clear that Appellant was not driving on a "roadway" as required by the statute, 75 Pa.C.S.A. § 3304, when he pulled into the parking lot, a "trafficway," following his turn off of Pearce Mill Road. *See* N.T. Suppression Hearing, at 5. Thus, I conclude that he was not in violation of the initial offense for which he was stopped. However, the discussion cannot end here. Next, it must be determined if it was *reasonable* for Sergeant Traeger to believe that Appellant had violated 75 Pa.C.S.A. § 3304. I cannot conclude that the record supports such a belief on the officer's behalf.

¶ 5 In *Commonwealth v. Benton*, 440 Pa.Super. 441, 655 A.2d 1030 (1995) this Court held that:

a traffic stop must be the result of a reasonable belief on the part of the officer that the Vehicle Code is being violated. While an actual violation need not be established, a reasonable basis for the officer's belief is required to validate the stop.

*Id.*, at 1033. On cross-examination Sergeant Traeger testified that Appellant was 200 feet (approximately 67 yards) into the parking lot when he initially pursued him and 400 feet (approximately 133 yards) **into the lot when he pulled him over**. *See* N.T. Suppression Hearing, at 7–8. Sergeant Traeger further verified that the portion of the parking lot in which he pulled Appellant over **expanded** significantly in width as it ran to the north of Pearce Mill Road. *Id.*, at 11. Further, Sergeant Traeger did not cite Appellant for any other moving violation under the Vehicle Code other than passing on the right. *Id.*

¶ 6 It is these precise facts of record that cause me to dissent from the majority's holding that "Sergeant Traeger's observations, therefore, reasonably led to his belief that Appellant had executed an unsafe and unlawful pass on the right of traffic and warranted his ultimate stop of Appellant." Majority opinion at 352. The record does not support the majority's characterization of the facts that:

[t]he evidence established that it was not unreasonable for Sergeant Traeger to consider Appellant's vehicle as part of the flow of traffic on Pearce Mill Road rather than as part of a separate traffic pattern in the parking lot. Appellant simply swung his truck wide of the road and onto the adjacent lot in an obvious attempt to improve his position on Pearce Mill Road. Appellant drove parallel to, and in constant proximity to, Pearce Mill Road during his approximately 400 foot trip through the parking lot, and he attempted to return to the road once he had passed the traffic. Thus, although it had entered a separate trafficway, the orientation of Appellant's vehicle remained at all times with the flow of traffic on Pearce Mill Road such that it was reasonable to conclude that Appellant was overtaking and passing

upon the right of other vehicles as contemplated in § 3304.

*Id.*, at 352.[3]

¶ 7 I believe that it is self-evident that Appellant lawfully pulled off of Pearce Mill Road and that his driving into the parking lot for a distance of 400 feet (approximately 133 yards) for whatever legitimate purpose (evident from Sergeant Traeger's testimony that he was not stopped for any other moving violation) and without having returned onto Pearce Mill Road does not justify Traeger's "reasonable belief" that Appellant had violated Section 3304 of the Vehicle Code. Aptly stated, I do not believe that under the facts and circumstances of this particular case that it was at all *reasonable* for Sergeant Traeger to believe that Appellant had violated Section 3304 so as to validate the initial stop. Although I certainly recognize the burdensome duty bestowed upon our law enforcement personnel in maintaining highway safety, I cannot uphold an error of law predicated upon the clear facts of this record. *See Commonwealth v. Benton, supra,* (suppression of evidence because police officer did not possess a *reasonable* belief that a violation of the Vehicle Code had occurred to justify stop). Accordingly, I would hold that the Suppression Court erred in not granting Appellant's motion to suppress all evidence relative to the unlawful stop. *See Commonwealth v. Stevenson,*

560 Pa. 345, 358, 744 A.2d 1261, 1268 (2000) *citing* (*Wong Sun v. United States,* 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963) for proposition that "if evidence is recovered as a result of exploitation of primary illegality, evidence must be suppressed as fruit of poisonous tree.").

---

**3.** I take particular exception to the majority's second footnote located on page 7 of its Opinion because the facts of this case do not present a circumstance in which a driver ahead of Appellant in the lane of traffic on Pearce Mill Road was attempting to make a left turn. Hence, (a)(2) of the statute is the only circumstance in which Appellant could have been in violation of passing on the right on a "roadway". Given that the majority concedes that Appellant was in a "trafficway," excluded under the pertinent statute, *at no time was it reasonable* for Sergeant Traeger to have believed that Appellant was in violation of § 3304. That said, I remind the majority of the legal axiom that:

> [i]t is clear that the words of a statute must be construed according to their plain meaning and that the letter of an unambiguous statutory provision is not to be discarded

under the pretext of pursuing its spirit. Moreover, according to the general principles of statutory construction, matters not included in a provision shall be deemed excluded.

*Commonwealth v. Nelson,* [456 Pa.Super. 349,] 690 A.2d 728, 731 (1997). Finally, if we were to construe the statute in the manner the majority suggests, then every driver who exits a roadway and enters a parking lot for any lawful purpose, potentially, would be in violation of the statute. This is a patently absurd result and in contravention to the law of this Commonwealth. *Commonwealth v. Diakatos,* 708 A.2d 510, 512 (Pa.Super.1998) (recognizing the legal concept that "when interpreting a statute, it is presumed that the legislature did not intend an absurd or unreasonable result.") *citing* 1 Pa.C.S.A. § 1922(1).