784 A.2d 1284

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Walter Joseph WITUSZYNSKI, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 17, 2001.

Decided Nov. 29, 2001.

Kenneth A. Snarey, Mitchell A. Kaufman, M. Susan Ruffner, for Walter Wituszynski.

Michael W. Streily, Pittsburgh, for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN, and SAYLOR, JJ.

## OPINION OF THE COURT

CASTILLE, Justice.

■ The issue on appeal is whether a police officer had reasonable and articulable grounds to stop appellant's vehicle after the officer saw appellant leave the roadway, travel through an adjacent parking lot thereby passing on the right traffic stopped on the roadway, and then attempt to reenter the roadway ahead of the stopped traffic. We affirm the Superior Court's holding that the officer had reasonable and articulable grounds for the traffic stop.

■■ Our standard of review in evaluating a trial court's denial of a motion to suppress is well-settled:

In reviewing a trial court's suppression ruling, our initial task is to determine whether the factual findings are supported by the record. In making this determination, we must consider only the evidence of the prosecution's witnesses, and so much evidence of the defense that remains uncontradicted when fairly read in the context of the record as a whole. When the evidence supports the factual findings, we are bound by such findings; we may reverse only if the legal conclusions drawn therefrom are erroneous.

*Commonwealth v. Bridges*, 563 Pa. 1, 19, 757 A.2d 859, 868 (2000) (quoting *Commonwealth v. Williams*, 539 Pa. 61, 650 A.2d 420, 425–26 (1994))

So viewed, the evidence revealed the following: At approximately 6:30 p.m. on October 11, 1997, Sergeant Richard Traeger of the Allegheny County Police Department was clearing a flock of geese from the roadway on Pearce Mill Road near Marshall Island in North Park. Approximately six cars were halted because the geese were obstructing the road.

Sgt. Traeger stopped his police cruiser and approached the driver of one of the stopped vehicles who was attempting to clear the geese from the road. Once Sgt. Traeger and the driver had successfully herded the geese from the road, the officer noticed appellant's vehicle leave the road, enter an adjacent parking lot and pass the stopped vehicles on the right as appellant drove through the parking lot. Appellant almost hit some of the geese as he drove through the parking lot. Appellant did not slow down or stop at any point in the parking lot. No physical barrier other than a solid white line separates the parking lot from the road.

Once the geese had been cleared from the road, the stopped vehicles started to move. Sgt. Traeger was concerned that appellant would cause an accident as he attempted to return to the road from the parking lot. Therefore, as appellant was starting back into the traffic on Pearce Mill Road, Sgt. Traeger pulled him over to cite him for passing on the right in violation of 75 Pa.C.S. § 3304. When Sgt. Traeger approached appellant's vehicle, he noticed that appellant's breath had a moderate odor of alcohol, his eyes were bloodshot, his upper torso was weaving as he sat in his vehicle, his speech was slurred, and he had difficulty producing his driver's license and registration card. Appellant admitted to drinking at a picnic nearby and offered to park and wait a couple of hours before driving again. Sgt. Traeger and a second officer administered field sobriety tests, which appellant failed. The officers transported appellant to North Hills Passavant Hospital where blood was drawn revealing that appellant's blood alcohol content was .28 percent, i.e., almost three times the legal limit.

Appellant was charged with the summary offense of passing on the right in contravention of 75 Pa.C.S. § 3304,[1] which provides:

1. Because § 3304 is not declared to be a felony or a misdemeanor, and no specific penalty is proscribed, it is, by operation of law, a summary offense subject to a sentence of a $25 fine. 75 Pa.C.S. § 6502(a).

(a) General rule.—The driver of a vehicle may overtake and pass upon the right of another vehicle only under one of the following conditions:

(1) When the vehicle overtaken is making or about to make a left turn, except that such movement shall not be made by driving off the berm or shoulder of the highway.

(2) Upon a roadway with unobstructed pavement of sufficient width for two or more lines of vehicles moving lawfully in the direction being traveled by the overtaken vehicle, except that such movement shall not be made by driving off the roadway.

(b) Limitation.—No passing movement under this section shall be made unless the movement can be made in safety.

Appellant was also charged with driving under the influence of alcohol (DUI), 75 Pa.C.S. § 3731(a), (a)(1) and (a)(4).

Appellant filed a motion to suppress the evidence of his intoxication on the grounds that the police officer did not have a reasonable suspicion or probable cause to suspect a motor vehicle violation at the time he stopped appellant. The suppression court denied the motion, finding that neither of the circumstances in § 3304(a) permitting passing on the right was present here:

There were no cars turning left and as stipulated in trial testimony, [appellant] used a parking lot as an extra, unlawful lane. This would be considered off the berm or shoulder of a highway, the highway being Pearce Road....

Trial Court Op. at 3. The trial court also noted that, when appellant drove through the parking lot to pass the automobile bottleneck, "the officer had legitimate concern of a possible accident and therefore the safety of [appellant's] maneuver" in overtaking vehicles on the right was implicated under § 3304(b). *Id.*

Appellant then waived his right to a jury trial and stipulated to the admission of the suppression hearing testimony as well as the police report and appellant's blood alcohol content into evidence. The trial court found appellant guilty of driving under the influence of alcohol and overtaking a vehicle on the

right. Appellant was sentenced to 48 hours of imprisonment, to pay fines and costs, to attend designated drug/alcohol driving classes and treatment classes, and to a concurrent two-year term of probation.

On appeal, appellant challenged only the suppression ruling. A divided Superior Court affirmed in a published opinion. *Commonwealth v. Wituszynski*, 750 A.2d 349 (Pa.Super.2000). Judge Stevens, in an opinion joined by retired Justice Montemuro, reasoned that appellant's vehicle was part of the flow of traffic on Pearce Mill Road rather than part of a separate traffic pattern in the parking lot. Judge Stevens further reasoned that appellant's maneuver into the parking lot in "an obvious attempt to improve his position on Pearce Mill Road" occurred while "the orientation of appellant's vehicle remained at all times with the flow of traffic on Pearce Mill Road," thus making Sgt. Traeger's conclusion that he was overtaking on the right in violation of § 3304(a) a reasonable one. *Id.* at 351. Judge Stevens further found that the facts supported a finding that appellant's actions were taken in disregard of a potential traffic hazard and therefore constituted an unsafe and unlawful pass on the right in violation of § 3304(b). Thus, the Superior Court panel majority affirmed that Sgt. Traeger had reasonable and articulable grounds under the Motor Vehicle Code for stopping appellant's vehicle. Judge Cercone dissented, opining that appellant was not passing on a roadway in violation of § 3304 but rather on a separate trafficway—the parking lot. Judge Cercone did not address whether, in his view, appellant had violated § 3304(b).

Appellant argues to this Court that the Superior Court erred in finding that Sgt. Traeger had reasonable and articulable grounds for stopping his vehicle because the stop was based upon an error of law. Appellant asserts that he did not violate § 3304 because he left the roadway before overtaking the stopped vehicles on Pearce Mill Road; thus, Sgt. Traeger made a mistake of law thereby invalidating the stop. The Commonwealth counters that Sgt. Traeger had a reasonable belief that appellant had violated § 3304(a) as well as a valid

safety concern regarding appellant's maneuver under § 3304(b).

Appellant was charged with a violation of § 3304 because he overtook vehicles by passing on the right in a manner not covered by either of the approved conditions provided in the statute. Sgt. Traeger's testimony makes it abundantly clear that he had at least reasonable grounds to believe that appellant did, in fact, violate the no passing on the right provision. Sgt. Traeger observed appellant leaving the traffic lane, entering a parking lot on the right which was separated from the roadway only by a solid white line, passing the vehicles stopped on the road, and, without making any stops in the parking lot, attempting to reenter the flow of traffic over the solid white line. At that point, Sgt. Traeger pulled appellant over.

Appellant urges upon this Court an unwarrantedly narrow interpretation of the statute. He contends that § 3304's prohibition against a motorist overtaking vehicles on the right if the motorist drives "off the roadway" to do so applies only if the motorist drives on the berm, shoulder or sidewalk of the road to pass on the right. Because the parking lot in question was not the berm, shoulder or sidewalk to Pearce Mill Road, appellant argues that his overtaking of traffic was not in violation of the statute.

In construing statutory language, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage...." 1 Pa.C.S. § 1903. Further, when determining the intent of a statute, it is presumed "that the General Assembly does not intend a result that is absurd...." 1 Pa.C.S. § 1922(1). *See Waugh v. Workmen's Compensation Appeal Board*, 558 Pa. 400, 737 A.2d 733 (1999); *Housing Authority of Chester v. Civil Service Com'n*, 556 Pa. 621, 730 A.2d 935 (1999)("the first principle of statutory construction is that courts will not interpret legislative enactments in a manner which imputes absurdity to the legislative enactment").

█ The statute does not define "off the roadway," nor is the phrase defined elsewhere in the Motor Vehicle Code. Nevertheless, it is apparent that appellant's narrow definition of "off the roadway" to include only driving on the berm, shoulder or sidewalk, is untenable. The plain language of the statute does not restrict "off the roadway" in the fashion appellant advocates; there is no basis for this Court to imply a restriction where the General Assembly did not do so explicitly. Construing the language of the statute according to its plain meaning, appellant clearly drove "off the roadway" that was Pearce Mill Road when he entered the parking lot which was adjacent to the roadway. It became immediately apparent that he did not do so in order to employ the parking lot as a parking lot. Instead, he immediately overtook vehicles that had been ahead of him on Pearce Mill Road by passing them upon the right, and attempted to re-enter the roadway. This was a clear violation of § 3304(a). Moreover, appellant passed the vehicles in such a manner that Sgt. Traeger reasonably determined that it was unsafe in violation of § 3304(b). Appellant's conduct was exactly what the statute, by its plain terms, prohibits.

Appellant's "interpretation" of § 3304 poses more of an argumentative question for a factfinder than a legal basis for suppression. Appellant was free to present this version of the event—i.e., that he simply entered a parking lot, proceeded through it, and then later tried to reenter the flow of traffic, rather than attempting to use the parking lot as a right-hand passing lane—as a substantive defense to the charges at trial. As a suppression matter, however, his version of the events is not binding. Appellant's after-the-fact interpretation of the statute and his conduct is decidedly not the only, or even the most logical, interpretation of his conduct for purposes of determining whether Sgt. Traeger had reasonable grounds to stop him. Sgt. Traeger needed only objective, reasonable grounds to believe that appellant had violated either § 3304(a) or § 3304(b) or both sections. Those reasonable grounds existed here.

In *Commonwealth v. Hamilton*, 543 Pa. 612, 618, 673 A.2d 915, 918 (1996), this Court stated that a police officer must possess a reasonable belief that a violation of the Motor Vehicle Code has occurred in order to stop a motorist:

> In *Commonwealth v. Whitmyer*, 542 Pa. 545, 668 A.2d 1113 (1995), we clarified the standard to be applied when reviewing an officer's stop of a vehicle for a Vehicle Code violation. Confusion had arisen in recent case law as to whether, in order to stop a vehicle for a traffic violation, the officer must possess "probable cause to believe" or a "reasonable suspicion to believe" that a violation of the Vehicle Code had occurred. We recognized that the difference in the terms was merely semantic and that police officers may stop a vehicle whenever they have articulable and reasonable grounds to suspect that a violation of the Vehicle Code had occurred. *Id.*, at 549–53, 668 A.2d at 1116–17. *See* 75 Pa.C.S. § 6308(b).

Here, Sgt. Traeger observed appellant's conduct and reasonably concluded that appellant had violated § 3304(a) and (b) when he drove off the roadway, entered the parking lot on the right, and overtook traffic on the roadway in an unsafe manner. As the Superior Court noted:

> Appellant simply swung his truck wide of the road and into the adjacent lot in an obvious attempt to improve his position on Pearce Mill Road. Appellant drove parallel to, and in constant proximity to, Pearce Mill Road during his approximately 400 foot trip through the parking lot, and he attempted to return to the road once he had passed the traffic.

*Commonwealth v. Wituszynski*, 2000 PA Super 107, 750 A.2d 349, 354 (2000). Objectively viewed, this conduct was clearly a violation of § 3304(a) and (b); therefore, it follows that Sgt. Traeger had articulable and reasonable grounds for stopping appellant's vehicle.

The Superior Court is hereby affirmed.

58

NIGRO, J., concurs in the result.

ZAPPALA, J., files a dissenting opinion in which FLAHERTY, C.J. joins.

ZAPPALA, J., Dissenting.

Because I disagree with the majority that Sergeant Traeger had reasonable and articulable grounds to believe Appellant violated the Vehicle Code, I dissent.

Contrary to the majority, I do not believe that it was reasonable for Sergeant Traeger to have concluded that Appellant violated 75 Pa .C.S. § 3304, entitled "Overtaking vehicle on the right." Specifically, Section 3304 states the following:

> (a) General rule.—The driver of a vehicle may overtake and pass upon the right of another vehicle only under one of the following conditions:
>
> (1) When the vehicle overtaken is making or about to make a left turn, except that such movement shall not be made by driving off the berm or shoulder of the highway.
>
> (2) Upon a roadway with unobstructed pavement of sufficient width for two or more lines of vehicles moving lawfully in the direction being traveled by the overtaken vehicle, except that such movement shall not be made by driving off the roadway.
>
> (b) Limitation.—No passing movement under this section shall be made unless the movement can be made in safety.

Under the facts of this case, we are not concerned with subsection (a)(1) of Section 3304, as Appellant was not attempting to pass a vehicle making a left turn; what is at issue here is whether Appellant failed to comply with subsection (a)(2). The majority points out that the Vehicle Code does not define the term "off the roadway" for purposes of Section 3304. The majority rejects Appellant's assertion that Section 3304's prohibition against a motorist overtaking vehicles on the right if the motorist drives "off the roadway" only applies where the motorist drives on the berm, shoulder or sidewalk of the road. The majority concludes that Appellant's interpre-

tation is "unwarrantedly narrow" and is not restricted by the plain language of the statute. The majority thus concludes that Appellant violated subsection (a)(2) because

> appellant clearly drove "off the roadway" that was Pearce Mill Road when he entered the parking lot which was adjacent to the roadway. It became immediately apparent that he did not do so in order to employ the parking lot as a parking lot. Instead, he immediately overtook vehicles that had been ahead of him on Pearce Mill Road by passing them upon the right, and attempted to re-enter the roadway. This was a clear violation of § 3304(a). Moreover, appellant passed the vehicles in such a manner that Sgt. Traeger reasonably determined that it was unsafe in violation of § 3304(b). Appellant's conduct was exactly what the statute, by its plain terms, prohibits.

Maj. op. at 1288.

The majority's conclusion, however, leads to an absurd result and does not take into consideration other relevant statutory provisions. While the term "off the roadway" is not defined in the Vehicle Code, the Code does define the term "roadway." Section 102 of the Code defines "roadway" for purposes of the Code as follows:

> That portion of a highway improved, designed or ordinarily used for vehicular travel, *exclusive of the sidewalk, berm or shoulder* even though such sidewalk, berm or shoulder is used by pedalcycles. In the event a highway includes two or more separate roadways the term "roadway" refers to each roadway separately but not to all such roadways collectively.

75 Pa.C.S. § 102 (emphasis added). This section specifies that the terms "sidewalk, berm or shoulder[,]" although part of a highway, are excluded from the definition of the term "roadway". Thus, it is reasonable to conclude that, when motorists travel off the "roadway" for purposes of Section 3304, their travel will place them upon a sidewalk, berm or shoulder. Here, Appellant did not pass cars by going off the "roadway," as that term is defined in the Vehicle Code; to the contrary,

Appellant turned into the adjacent parking lot and legally traveled through the lot.[1]

In addition to the foregoing, I disagree with the majority's conclusion that it was reasonable for Sergeant Traeger to conclude that Appellant violated Section 3304 when he drove off the roadway that was Pearce Mill Road and traveled through the adjacent parking lot for the following reason. As noted by Judge Cercone in his dissenting opinion below,

> parking lots have been traditionally viewed as "trafficways" in this Commonwealth. *See Commonwealth v. Proctor*, 425 Pa.Super. 527, 625 A.2d 1221, 1224 (1993) (evidence sufficiently established that mall parking lot was a "trafficway" because it was open to the public for shopping purposes in matter involving a DUI conviction) *citing Commonwealth v. Cozzone*, 406 Pa.Super. 42, 593 A.2d 860 (1991) (parking area of condominium complex is trafficway as it is generally open to the public) and *Commonwealth v. Wilson*, 381 Pa.Super. 253, 553 A.2d 452 (1989) (parking lot to Elk's Lounge is trafficway as it is generally open to the public).

*Commonwealth v. Wituszynski*, 750 A.2d 349, 353 (Pa.Super.2000). Additionally, the Code defines a trafficway as:

> The entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom.

75 Pa.C.S. § 102.

Based on the foregoing, in my view, the parking lot upon which Appellant traveled was a trafficway as defined in the

---

1. Judge Cercone, in his dissenting opinion below, aptly notes the absurdity that would result if the Commonwealth's broad interpretation of Section 3304 is to stand:

   Finally, if we were to construe that statute in the manner the majority suggests, then every driver who exits a roadway and enters a parking lot for any lawful purpose, potentially, would be in violation of the statute. This is a patently absurd result and in contravention to the law of this Commonwealth. *Commonwealth v. Diakatos*, 708 A.2d 510, 512 (Pa.Super.1998) (recognizing the legal concept that "when interpreting a statute, it is presumed that the legislature did not intend an absurd or unreasonable result.") *citing* 1 Pa.C.S.A. § 1922(1).

   *Commonwealth v. Wituszynski*, 750 A.2d 349, 355 n. 3 (Pa.Super.2000).

Code and as traditionally viewed in case law. Thus, I do not believe Section 3304 of the Code even applied to Appellant's travel thereon based upon the language of Section 3101 of the Code. This provision relates to the scope of Part III of the Code relating to the operation of vehicles, including Section 3304, and specifies the following:

(a) **General rule.**—Except as provided in subsection (b), the provisions of this part relating to the operation of vehicles refer exclusively to the operation of vehicles upon *highways* except where a different place is specifically referred to in a particular provision.

(b) **Serious traffic offenses.**—The provisions of Subchapter B of Chapter 37 (relating to serious · traffic offenses) shall apply upon *highways and trafficways* throughout this Commonwealth.

75 Pa.C.S. § 3101 (emphasis added).

Based upon the foregoing provision, as I believe Appellant was traveling on a trafficway when he traveled through the parking lot, I do not believe Part III of the Code was applicable to his travel.[2]

In order for a police officer's stop of a motor vehicle to be justified, the officer must have articulable and reasonable grounds to suspect a violation of the Vehicle Code. 75 Pa.C.S. § 6308(b). In reviewing this standard, this Court noted the following in *Commonwealth v. Whitmyer*, 542 Pa. 545, 668 A.2d 1113, 1116 (1995),

If the alleged basis of a vehicular stop is to permit a determination whether there has been compliance with the Motor Vehicle Code of this Commonwealth, it is encumbent [sic] upon the officer to articulate specific facts possessed by him, at the time of the questioned stop, which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the Code.

**2.** Conversely, travel upon a sidewalk, berm or shoulder, which are part of a highway, although not part of a roadway, would be governed by Part III of the Code and, specifically, Section 3304.

As I do not believe Sergeant Traeger possessed the requisite articulable and reasonable grounds, i.e., the probable cause to believe that Appellant was in violation of the Vehicle Code, I do not believe the stop of his vehicle was proper. Accordingly, I would reverse the lower court decisions since I believe Appellant's motion to suppress should have been granted.

FLAHERTY, C.J., joins this dissenting opinion.