J-S88013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY SUTTON, | |
| Appellant | No. 293 EDA 2016 |

Appeal from the Judgment of Sentence of December 10, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001025-2015

BEFORE: OLSON, RANSOM AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 07, 2017**

Appellant, Anthony Sutton, appeals from the judgment of sentence entered on December 10, 2015, as made final by the denial of his post-sentence motion on January 7 2016. On this direct appeal, Appellant's court-appointed counsel filed both a motion to withdraw as counsel and an accompanying brief pursuant to **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and its federal predecessor, **Anders v. California**, 386 U.S. 738 (1967). We conclude that Appellant's counsel complied with the procedural requirements necessary to withdraw. Furthermore, after independently reviewing the record, we conclude that the appeal is wholly frivolous. We, therefore, grant counsel's motion to withdraw and affirm the judgment of sentence.

* Retired Senior Judge assigned to the Superior Court

The factual background and procedural history of this case are as follows. On April 14, 2014, S.J. was standing outside of his grandmother's residence when he witnessed Appellant fire several shots out the window of a vehicle driving down the street. At least one bullet grazed S.J.

On February 4, 2015, the Commonwealth charged Appellant via criminal information with 29 offenses, including *inter alia*, possession of a firearm by a prohibited person,[1] carrying a firearm without a license,[2] and carrying a firearm on the streets of Philadelphia.[3] On October 7, 2015, Appellant was convicted of those three offenses. On December 10, 2015, the trial court sentenced Appellant to an aggregate term of 11 to 22 years' imprisonment. Appellant filed a timely post-sentence motion which was denied on January 7, 2016. This timely appeal followed.[4]

Appellant's counsel raises two issues in her ***Anders*** brief:

[1. Was there sufficient evidence to convict Appellant of possession of a firearm by a prohibited person, carrying a firearm without a license, and carrying a firearm on the streets of Philadelphia?

2. Was Appellant's sentence manifestly excessive?]

***See generally Anders*** Brief at 11-16.

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

[2] 18 Pa.C.S.A. § 6106(a)(1).

[3] 18 Pa.C.S.A. § 6108.

[4] Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Before reviewing the merits of this appeal, we must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *See Commonwealth v. Flowers*, 113 A.3d 1246, 1248-1249 (Pa. Super. 2015) (citation omitted). To withdraw under *Anders*, court-appointed counsel must satisfy certain technical requirements. "First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, [s]he has determined that the appeal is frivolous." *Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 183 (Pa. Super. 2016), *quoting Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous.

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-420 (Pa. Super. 2015), *quoting Santiago*, 978 A.2d at 361.

Finally, counsel must furnish a copy of the *Anders* brief to her client and "advise[] him of his right to retain new counsel, proceed *pro se*[,] or raise any additional points that he deems worthy of the court's attention, and attach[] to the *Anders* petition a copy of the letter sent to the client." *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (citation omitted).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5, *quoting* **McClendon**, 434 A.2d at 1187. It is only when both the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw. In the case at bar, counsel has met all of the above procedural obligations. We now turn to whether this appeal is wholly frivolous.[5]

The first issue raised in counsel's **Anders** brief is whether there was sufficient evidence to convict Appellant of possession of a firearm by a prohibited person, carrying a firearm without a license, and carrying a firearm on the streets of Philadelphia. "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Walls**, 144 A.3d 926, 931 (Pa. Super. 2016) (citation omitted). "In assessing Appellant's sufficiency challenge, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that the Commonwealth proved [each] element of the crime beyond a reasonable doubt." **Commonwealth v. Ansell**, 143 A.3d 944, 949 (Pa. Super. 2016) (citation omitted). "The evidence need not preclude every

---

[5] Appellant filed a response to counsel's **Anders** brief; however, he did not raise any issues for our consideration in that response.

-4-

possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." **Commonwealth v. Ford**, 141 A.3d 547, 552 (Pa. Super. 2016) (citation omitted).

In order to convict Appellant of possession of a firearm by a prohibited person, the Commonwealth was required to prove that: (a) Appellant possessed a firearm and (b) he was disqualified from possessing a firearm under section 6105(b) or (c). **See** 18 Pa.C.S.A. § 6105(a)(1). In this case, S.J. testified that Appellant possessed a firearm in a vehicle which drove by his grandmother's residence. Appellant also conceded that he was disqualified from possessing a firearm. Thus, any argument that there was insufficient evidence to convict Appellant of possession of a firearm by a prohibited person is wholly frivolous.

In order to convict Appellant of carrying a firearm without a license, the Commonwealth was required to prove that: (a) Appellant possessed a firearm, (b) he did not possess a valid license to carry a firearm, and (c) the firearm was carried in a vehicle or concealed about his person outside his place of abode or fixed place of business. **See Commonwealth v. Parker**, 847 A.2d 745, 750 (Pa. Super. 2004) (citation omitted). As noted above, S.J. testified that Appellant possessed a firearm in a vehicle which drove by his grandmother's residence. Appellant also conceded that he did not possess a license to carry firearms. Thus, any argument that there was

insufficient evidence to convict Appellant of carrying a firearm without a license is wholly frivolous.

In order to convict Appellant of carrying a firearm on the streets of Philadelphia, the Commonwealth was required prove that: (a) Appellant possessed a firearm on the streets of Philadelphia and (b) he did not possess a valid license to carry a firearm. *See* 18 Pa.C.S.A. § 6108. As noted above, S.J. testified that Appellant possessed a firearm in a vehicle which drove by his grandmother's residence on the public streets of Philadelphia. Appellant also conceded that he did not possess a license to carry firearms. Thus, any argument that there was insufficient evidence to convict Appellant of carrying a firearm on the streets of Philadelphia is wholly frivolous.

The second issue included in counsel's **Anders** brief is whether Appellant's sentence was manifestly excessive. This issue challenges the discretionary aspects of his sentence. **See Commonwealth v. Haynes**, 125 A.3d 800, 806 (Pa. Super. 2015), *appeal denied*, 140 A.3d 12 (Pa. 2016). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. **See** 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. **Id.**

As this Court has explained, in order to reach the merits of a discretionary aspects claim,

> [w]e conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, **see** Pa.R.A.P.

902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted). Appellant filed a timely notice of appeal and preserved the issue in his post-sentence motion. Although counsel failed to include a Rule 2119(f) statement in her **Anders** brief, we nonetheless turn to whether Appellant has raised a substantial question. *Cf. Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009) (citation omitted) (overlooking deficient Rule 2119(f) statement because counsel filed an **Anders** brief).

"In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014) (citation omitted). "The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Seagraves*, 103 A.3d 839, 841 (Pa. Super. 2014), *appeal denied*, 116 A.3d 604 (Pa. 2015) (citation omitted).

Counsel contends that this case raises a substantial question because Appellant filed a post-sentence motion. **See Anders** Brief at 15. Merely filing a post-sentence motion, however, does not raise a substantial question. Instead, as noted above, preserving a discretionary aspects claim

in a post-sentence motion is merely a prerequisite to determining if a substantial question is presented. *See Leatherby*, 116 A.3d at 83. Moreover, a bald claim that a sentence is excessive does not raise a substantial question. *Haynes*, 125 A.3d at 807-808. Therefore, Appellant's discretionary aspects claim does not raise a substantial question. Accordingly, any argument that Appellant's sentence is manifestly excessive is wholly frivolous.

In sum, we conclude that both issues raised in counsel's *Anders* brief are wholly frivolous. Furthermore, after an independent review of the entire record, we conclude that no other issue of arguable merit exists. Therefore, we grant counsel's request to withdraw. Having determined that the issues raised on appeal are frivolous, we affirm the judgment of sentence.

Motion to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2017