J-S42013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT J. MORRISON | : | |
| | : | |
| Appellant | : | No. 1824 MDA 2017 |

Appeal from the Judgment of Sentence October 24, 2017
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0001770-2017

BEFORE: BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.: **FILED AUGUST 17, 2018**

Robert J. Morrison appeals from the October 24, 2017 judgment of sentence of county imprisonment of one year less one day to two years less one day, and a fine. The sentence was imposed following Appellant's conviction by a jury of driving under the influence (DUI) – general impairment, and a bench trial on the offense of driving without an ignition interlock device. We affirm.

We glean the following facts from the transcript of the trial held on September 12, 2017. At all times relevant hereto, Joseph McCardell was the general manager of the Wine and Spirit Store, operated by the Pennsylvania Liquor Control Board, in Shippensburg, Pennsylvania. He explained that the Board has a policy prohibiting the sale of liquor to persons who are intoxicated in order to prevent drinking and driving. N.T., 9/12/17, at 9. Mr. McCardell testified that he was working on March 15, 2017, at approximately 11:30 a.m.,

_____
* Retired Senior Judge assigned to the Superior Court.

and observed Appellant as he exited a white van and entered the store. He stated that Appellant was stumbling and swaying as he approached the register to purchase a bottle of vodka. At the checkout counter, Mr. McCardell could smell alcohol on Appellant's breath. Believing Appellant to be intoxicated, Mr. McCardell refused to sell him the vodka.

Mr. McCardell watched Appellant as he exited the store and climbed into the driver's seat of a white van. Fearing that Appellant would drive away, the manager placed a 911 call to police. He subsequently observed Appellant move the van to another parking space approximately one hundred yards away. *Id*. at 12-13.

Trooper Nathan Grossman of the Pennsylvania State Police was dispatched to the liquor store in response to the 911 call. Using a description of Appellant and the vehicle provided by Mr. McCardell, the trooper was able to locate Appellant. He confirmed that the registration plate number of the van matched that given by Mr. McCardell, and observed Appellant in the driver's seat. There was no one else in the van. Appellant complied with the trooper's directive to exit the vehicle, stumbling as he did so.

In his initial encounter with the trooper, Appellant denied that he had been in the liquor store. He then admitted that he had tried to purchase liquor but had been refused service. The trooper described Appellant as disheveled, with glassy and bloodshot eyes. The trooper stated that Appellant slurred his words as he talked and the trooper smelled the odor of alcohol on his breath. Appellant admitted that he had been drinking earlier in the day but was not

forthcoming about what he consumed or the amount. Appellant told the trooper that his father had driven there and that his father was in the nearby Walmart. *Id*. at 24. As the trooper waited with Appellant for his father to appear, he attempted to conduct the walk-and-turn and one-foot-stand field sobriety tests. Appellant refused to cooperate. After thirty-five to forty minutes, Appellant admitted that his father was not in Walmart and had not driven him there. Appellant insisted, however, that he did not drive to the store.

Based on his training and experience, as well as his interaction with Appellant, Trooper Grossman concluded that Appellant was incapable of safe driving and placed him under arrest. Appellant was transported to a nearby hospital where he refused to submit to a blood test.

While the DUI charge was pending before the jury, a brief bench trial on the ignition interlock offense was conducted. A certified copy of the PennDot record for Appellant, which reflected that Appellant had an ignition interlock license, was introduced at the bench trial.[1] Trooper Grossman testified that the white van in which Appellant was located on March 15, 2017, did not contain the ignition interlock. The trial court found Appellant guilty of driving without the required ignition interlock system; the jury returned a guilty verdict on the DUI charge.

_____

[1] An ignition interlock license means that the license holder can only drive a car where the ignition interlock system is installed.

Following his sentencing, Appellant filed a timely appeal to this Court. He presents two issues for our review:

I.  Whether the evidence presented at trial was sufficient to sustain a conviction for driving under the influence when the Commonwealth failed to prove that [Appellant] was driving, operating, or was in actual physical control of the vehicle?

II. Whether the evidence presented at trial was sufficient to sustain a conviction for driving without an ignition interlock device when the Commonwealth failed to prove that [Appellant] drove the vehicle?

Appellant's brief at 5.

Appellant challenges the sufficiency of the evidence underlying both of his convictions. The standard we apply in reviewing such claims

is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Giordano*, 121 A.3d 998, 1002-03 (Pa.Super. 2015) (quoting *Commonwealth v. Cahill*, 95 A.3d 298, 300 (Pa.Super. 2014)). Evidence is sufficient to support the verdict when it establishes each material element of the offense charged beyond a reasonable doubt. *Commonwealth v. Ansell*, 143 A.3d 944, 949 (Pa.Super. 2016).

Both the offenses of DUI-general impairment and failure to use ignition interlock system contain the element of driving a motor vehicle. *See* 75 Pa.C.S. § 3802(a)(1) (DUI-general impairment: "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle."); 75 Pa.C.S. § 3808(a)(1) (driving without required ignition interlock: "An individual required to only drive, operate or be in actual physical control of the movement of a motor vehicle equipped with an ignition interlock system under any of the following who drives, operates or is in actual physical control of the movement of a motor vehicle within this Commonwealth . . .").

Appellant does not dispute the sufficiency of the evidence that he was impaired or that he was a person required to only drive or operate a vehicle specially equipped with an ignition interlock system. Rather, he challenges the sufficiency of the Commonwealth's proof that he was driving or in actual physical control of the vehicle, an element of both crimes of which he was convicted. Hence, we will address both issues together.

Appellant contends that the Commonwealth only established that he was seated in the vehicle when they arrived, not that he actually drove it. He argues that Mr. McCardell's testimony that he saw him drive into the parking lot of the liquor store lacked credibility because the eyewitness did not report

this information to police at the time. The Commonwealth counters that credibility issues implicate the weight of the evidence, not its sufficiency. *See Commonwealth v. Melvin*, 103 A.3d 1, 43 (Pa.Super. 2014). Furthermore, the Commonwealth points out that weight challenges must be preserved either on the record prior to sentencing or in a post-sentence motion, and since Appellant did neither, the issue is waived. Moreover, the Commonwealth contends that the evidence that Appellant drove the vehicle was more than sufficient to support his convictions.

Appellant's attempt to discredit Mr. McCardell's eyewitness testimony that he saw Appellant drive into the store parking lot presents a challenge to the weight of the evidence, not its sufficiency. Since Appellant did not raise the issue orally, in a written motion prior to sentencing, or in a post-sentence motion, it is waived. *See* Pa.R.Crim.P. 607(A) ("A challenge to the weight of the evidence must be 'raised with the trial court in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion.'").

As to the sufficiency of the evidence that Appellant drove the van, Mr. McCardell's testimony that he saw Appellant drive the van into the lot is legally sufficient to support the conviction. Moreover, Appellant fails to acknowledge that Mr. McCardell also testified that he observed Appellant as he returned to the white van, entered the driver's seat, and drove the vehicle more than one hundred yards to another parking space. Thus, the record reveals that the

eyewitness saw Appellant drive the van on two occasions.[2]  Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, there is no merit in Appellant's claim that the Commonwealth failed to prove that he drove the vehicle.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/18

---

[2]  Appellant asserted below, but abandoned on appeal, the argument that the parking lot was not a highway or trafficway for purposes of the DUI statute. Title 75 Pa.C.S. § 3101(b), provides that offenses "relating to driving after imbibing alcohol or utilizing drugs shall apply upon highways and trafficways throughout this Commonwealth." A trafficway is defined as "[t]he entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom."  **See** 75 Pa.C.S. §102; **see also Commonwealth v. Proctor**, 625 A.2d 1221 (Pa.Super. 1993) (holding parking lot open to the public is a trafficway for purposes of DUI statute).