J-S47003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRONE GERMANY | : | |
| | : | |
| Appellant | : | No. 1035 WDA 2017 |

Appeal from the Judgment of Sentence March 13, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002955-2016

BEFORE: OLSON, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 20, 2018**

Appellant, Tyrone Germany, appeals from the judgment of sentence entered on March 13, 2017 in the Criminal Division of the Court of Common Pleas of Allegheny County. We affirm.

The trial court summarized the factual background in this case and we need not fully restate the facts here. Briefly, on January 19, 2016, Appellant fatally shot the victim, Shawn Cavender, during a drug deal. The record establishes that, at the time of the shooting, the two men had separated following a short confrontation. At the conclusion of a non-jury trial on December 19, 2016, the court found Appellant guilty of third-degree murder, 18 Pa.C.S.A. § 2502(c), and persons not to possess a firearm, 18 Pa.C.S.A. § 6105(a)(1). On March 13, 2017, the trial court sentenced Appellant to serve not less than 20 and not more than 40 years' incarceration for his third-degree

_____
* Retired Senior Judge assigned to the Superior Court.

murder conviction. Appellant received no further penalty for his firearms conviction.

Appellant filed a timely post-sentence motion on March 20, 2017. Among other things, Appellant's post-sentence motion challenged the discretionary aspects of his sentence. The trial court denied Appellant's post-sentence motion on July 13, 2017.

Appellant filed a notice of appeal on July 17, 2017. After an extension, Appellant filed a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued its Rule 1925(a) opinion on January 3, 2018.

Appellant raises the following claims in his brief:

Did the trial court err in finding [Appellant] guilty of criminal homicide in the third[-]degree when the Commonwealth presented no evidence demonstrating actual malice?

Did the trial court err in finding that the Commonwealth had overcome [Appellant's] self-defense claim when the evidence presented suggests both parties were engaged in mutual combat?

Did the trial court err in sentencing [Appellant] without consideration for his specific circumstances?

Appellant's Brief at 3 (certain capitalization omitted).

Appellant's first two claims challenge the sufficiency of the Commonwealth's evidence. Our standard and scope of review of such claims is well settled.

Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Walls***, 144 A.3d 926,

931 (Pa. Super. 2016) (citation omitted). In assessing Appellant's sufficiency challenge, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that the Commonwealth proved [each] element of the crime beyond a reasonable doubt. ***Commonwealth v. Ansell***, 143 A.3d 944, 949 (Pa. Super. 2016) (citation omitted). The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. ***Commonwealth v. Ford***, 141 A.3d 547, 552 (Pa. Super. 2016) (citation omitted).

***Commonwealth v. Giron***, 166 A.3d 635, 638 (Pa. Super. 2017) (internal quotation marks omitted).

In his first issue, Appellant argues that "no evidence was presented to show that [Appellant acted] with malice[.]" Appellant's Brief at 9. Specifically, Appellant claims that the evidence introduced at trial showed only that he engaged in mutual combat with the victim, that he did not target the victim's vital organs, and that he fled the scene while the victim remained alive. ***See id***. at 14. Under these circumstances, Appellant contends that the Commonwealth failed to prove malice beyond a reasonable doubt.[1] We disagree.

---

[1] Before addressing the substance of Appellant's opening claim, the Commonwealth asserts that Appellant waived appellate review of this contention. The Commonwealth bases its contention on the reference in Appellant's concise statement to the insufficiency of evidence showing "intent to kill" rather than the insufficiency of evidence establishing "actual malice." Although this Court has held that a concise statement "must state with specificity the element or elements upon which … the evidence was insufficient," ***see Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010), we are not persuaded that this

Pennsylvania law defines third-degree murder, and the critical element of malice, as follows:

> Third-degree murder is defined [as] all other kinds of murder other than first[-]degree murder or second[-]degree murder. The elements of third-degree murder, as developed by case law, are a killing done with legal malice.
>
> Malice exists where there is a particular ill-will, and also where there is a wickedness of disposition, hardness of heart, wanton conduct, cruelty, recklessness of consequences and a mind regardless of social duty.
>
> **Commonwealth v. Marquez**, 980 A.2d 145, 148 (Pa. Super. 2009) (*en banc*) (quotations and quotation marks omitted). "Malice is established where an actor consciously disregard[s] an unjustified and extremely high risk that his actions might cause death or serious bodily harm." **Commonwealth v. Devine**, 26 A.3d 1139, 1146 (Pa. Super. 2011) (quotation and quotation marks omitted). "Malice may be inferred by considering the totality of the circumstances." **Commonwealth v. Dunphy**, 20 A.3d 1215, 1219 (Pa. Super. 2011) (citation omitted).

**Commonwealth v. Golphin**, 161 A.3d 1009, 1018 (Pa. Super. 2018), *appeal denied*, 170 A.3d 1051 (Pa. 2017).

Contrary to Appellant's claims, the evidence adduced at trial was sufficient to demonstrate actual malice beyond a reasonable doubt. The trial court specifically found that, after an initial confrontation, Appellant and the victim separated, at which time Appellant pointed a loaded gun at the victim

---

rule compels waiver under the present circumstances. Appellant's concise statement presented an obvious challenge to the *mens rea* element of his homicide conviction and his misstatement did not pose a challenge to the trial court's analysis in its Rule 1925(a) opinion. We, too, are not hampered by Appellant's oversight and, for this reason, we decline to find waiver.

and shot him multiple times. **See** Trial Court Opinion, 1/3/18, at 13-14. Appellant clearly disregarded an extremely high risk of death or serious bodily harm and his conduct evinced a reckless disregard for human life. Hence, no relief is due on Appellant's first claim.

Appellant's second issue asserts that the Commonwealth failed to overcome a claim of self-defense since the evidence showed only that Appellant responded reasonably to threats posed by the victim and that Appellant retreated promptly when those threats subsided. Again, Appellant is not entitled to relief.

> If a defendant introduces evidence of self-defense, the Commonwealth bears the burden of disproving the self-defense claim beyond a reasonable doubt. **Commonwealth v. Rivera**, 983 A.2d 1211, 1221 (Pa. 2009). "Although the Commonwealth is required to disprove a claim of self-defense ... [the factfinder] is not required to believe the testimony of the defendant who raises the claim." **Commonwealth v. Carbone**, 574 A.2d 584, 589 (Pa. 1990).

**Commonwealth v. Houser**, 18 A.3d 1128, 1135 (Pa. 2011) (parallel citations omitted), *cert. denied*, 566 U.S. 1247 (2012). The Commonwealth meets its burden of disproving self-defense where it establishes any of the following: a) the defendant did not reasonably believe that it was necessary to kill to protect himself from imminent death or great bodily harm; b) the defendant was not free from fault in provoking or continuing the difficulty which resulted in the slaying; or, c) the defendant violated a duty to retreat or avoid the danger. **Commonwealth v. Rivera**, 108 A.3d 779, 791 (Pa. 2014).

We agree with the trial court that Appellant did not honestly believe that it was necessary to kill to avoid imminent death or great bodily harm. *See* Trial Court Opinion, 1/3/18, at 16. Again, the record shows that Appellant produced a firearm while he and the victim were separated and that Appellant shot the victim during the separation and while the victim was located in an adjoining room. *See id.* In addition, photographic evidence and testimony from an investigating officer showed, contrary to Appellant's statements, that there was little proof of a serious struggle in the room where the victim was located when he initially was shot. *See id.* at 17. Thus, the totality of circumstances clearly warranted rejection of Appellant's self-defense claim.

Appellant's final contention is that the trial court imposed manifestly unreasonable sentence without meaningful consideration of the statutory factors set forth at 42 Pa.C.S.A. § 9721(b) and 42 Pa.C.S.A. § 9781(d). *See* Appellant's Brief at 11. Specifically, Appellant contends the trial court overlooked several factors that demonstrated his amenability to rehabilitation, including his age and the absence of prior incarceration. *See id.* at 17.

Initially, we note that Appellant's claim challenges the discretionary aspects of sentencing. As required by Pa.R.A.P. 2119(f), Appellant has included a separate statement of reasons for our review of the discretionary aspects of his sentence in his appellate brief. Nevertheless, this Court may only reach the merits of a discretionary sentencing challenge if it also appears that a substantial question exists as to whether the sentence imposed is

appropriate under the Sentencing Code. ***Commonwealth v. Ventura***, 975 A.2d 1128, 1133 (Pa. Super. 2008). A substantial question exists "where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the [Sentencing] Code or is contrary to the fundamental norms underlying the sentencing process." ***Id.***

As stated above, Appellant's claim in this appeal is that the trial court overlooked factors that establish his amenability to rehabilitation such as his age and lack of prior sentences involving incarceration. Essentially, this claim asserts that the trial court failed to take account of Appellant's unique circumstances. ***See*** Appellant's Brief at 18 ("trial court erred in its determination of [Appellant's] sentence by failing to take into account his specific circumstances"). In prior cases, this Court has held that a trial court's failure to consider certain mitigating factors does not raise a substantial question. ***See Commonwealth v. Downing***, 990 A.2d 788, 794 (Pa. Super. 2010); ***see also Commonwealth v. Matroni***, 923 A.2d 444, 455 (Pa. Super. 2007 ("[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review."). Since Appellant has not raised a substantial question for our review, he is not entitled to relief on his discretionary sentencing challenge.

Even if we were to reach the merits of Appellant's discretionary sentencing challenge, we would conclude that he is not entitled to relief.

It is well settled that:

[S]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

**Commonwealth v. Crork**, 966 A.2d 585, 590 (Pa. Super. 2009) (quotation omitted).

In the case *sub judice*, the trial court had the benefit of a pre-sentence report (N.T. Sentencing, 3/13/17, at 17-21) and we are persuaded, based upon a review of Appellant's sentencing transcript, that the court considered all of the information contained therein. Hence, Appellant's claim that the trial court gave inadequate consideration to his age and lack of prior incarceration is belied by the record. Moreover, "[o]ur Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Ventura**, 975 A.2d at 1135 (citation omitted) (sentence of 20 to 40 years' incarceration for third degree murder did not constitute abuse of discretion). As Appellant has failed to establish an abuse of discretion, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2018